ISAAC BATES *v.* HINSDALE *et al.*

The law takes notice of the fractional parts of a day when there is a conflict between creditors arising as to the application of money received on Justices' judgments filed and docketed on the same day. Sec. 503, C. C. P.

Therefore judgments filed and docketed at 2 o'clock, 30 minutes P. M., have priority over judgments filed and docketed at a later hour of the same day.

Rule upon the defendant Robert W. Hardie, Sheriff of Cumberland County, to show cause why money in his hands, the proceeds of sale of personal and real property of the Bank of

BATES *v.* HINSDALE *et al.*

Fayetteville, sold under executions, should not be applied to the payment of the executions in favor of plaintiff, heard before *Buxton*, J , at Spring Term, 1871, of CUMBERLAND Superior Court.

The Sheriff made return that the defendants were contesting claimants to the fund in his hands, and asked that they be made parties, whereupon the defendants accepted service of summons, appeared and litigated their rights.

The facts are that on the 4th day of April, 1870, the plaintiff and the defendants all obtained judgments against the Bank of Fayetteville, amounting to one hundred and fifty-six cases. In the language of his Honor who tried the cause, " there was quite a rush " amongst the creditors, in trying to get the first judgments.

The transcripts in the plaintiff Bates' fifteen judgments, as also those of the defendants John W. Hinsdale and Samuel J. Hinsdale were filed in the Clerk's office on the 4th of April, 1870, and marked " filed at 2 o'clock, 30 minutes, P. M."

The other defendants having one hundred and nineteen judgments, made " quick time " in procuring transcripts, and having the same filed, which were endorsed by the Clerk, " filed and docketed 4th of April, 1870, at 3 o'clock, 35 minutes, P. M.," excepting the two judgments of the defendant, Pemberton, which were docketed at 4 o'clock, 10 minutes, P. M.

His Honor was of opinion and so decided, that the proceeds of the realty should be applied ratably amongst all the judgments and executions. It is unnecessary to report his ruling as to the application of the proceeds of the personalty. From the ruling of his Honor the defendant Hinsdale appealed.

*Bragg & Strong* and *McRae* for the plaintiffs.

*Phillips & Merrimon* and *B. & T. C. Fuller* for the defendants.

PEARSON, C. J. The question in regard to the application of the proceeds of the sale of the personal property, having been disposed of, as was stated at the bar, the case is now confined to the question in regard to the application of the proceeds of the sale of the house and lot.

His Honor ruled, that the fund be applied rateably to all of the executions. We regret not to be able to concur in this conclusion ; for, " equality is equity." The parties all used diligence, and the difference is simply in respect to time. But these judgments and the proceedings had thereon, being rendered and done in 1870, must be governed by the C. C. P. alone; and according to it, time in docketing judgments, is made material, and the miller's rule is adopted ; " first come, first served."

Grant, that the day during which a Justice of the Peace renders judgments, is his Term, and has the same legal incidents, as the Term of a Court, so that all of the judgments, to use the language of his Honor, are " cotemporaneous," we can see no ground on which this principle can be applied to the action of the clerk in docketing judgments, in the face of the provision of C. C. P. sec. 503 : " The time of the receipt of the transcript by the clerk, shall be noted thereon, and entered in the docket ; and from that time, the judgment shall be a judgment of the Superior Court in all respects." Time is sometimes used as synonymous with day, as when one asks, " at what time in April, was the act done ?" Reply, " on the 4th day"—here time and day are treated as the same in meaning. But if asked, " at what time of the day, was the act done "? obviously the meaning of the two words would not be the same.

Time in the section under consideration, is material; as it is in regard to the registration of deeds of trust ; when the most the Court could do by construction, was to treat deeds as being registered the moment they are handed to the officer, as it is in regard to the levy of executions on personal property.

This matter was fully argued and considered by us in *John-*

*son* v. *Sedberry*, at last Term, 65 N. C. 1. The Court was not able then, and is not able now, to see how the mischief could be remedied, by construction merely, and felt obliged to have recourse to the power conferred by section 394, of prescribing rules of practice and procedure ; and did at that Term, prescribe a rule ; but that rule can have no application to the present case, for all of these proceedings were had before the adoption of the rule, and must stand solely upon the C. C. P., as it is written.

There is error. The fund must be applied to the several executions, giving priority, according to the times in the day at which the transcripts were received by the clerk. Judgment of the Superior Court reversed, and judgment in conformity to this opinion.

PER CURIAM.                                      Judgment reveresd.