## T. W. McKINNEY v. WESLEY STREET.

### (Filed 13 May, 1914.)

**Trials — Terms — Judgments . Relating Back—Fiction of the Law— Deeds and Conveyances—Innocent Purchasers.**

The rule of court, afterwards enacted into a statute, that all judgments entered during a term shall relate back to the beginning of the term, and be deemed to have then been entered, is to prevent advantage being taken by litigants who may have been fortunate enough to have first secured his judgment, and unseemly endeavor to get first to the ear of the court; and will not apply to a judgment obtained during a term of court subsequent by a day or a fraction of a day to the registration of a deed to lands, so as to affect the rights of an innocent and *bona fide* purchaser for value.

APPEAL by plaintiff from *Cline, J.,* at November Term, 1913, of MITCHELL.

Civil action brought to recover a tract of land. The court rendered judgment in favor of the plaintiff, and the defendant appealed.

*Black & Wilson for plaintiff.*
*S. J. Ervin for defendant.*

BROWN, J. Mollie Ledford, who owned the land in controversy, conveyed it to the defendant by deed registered 24 July, 1912. Judgment was rendered in the Superior Court of Mitchell County on 25 July, 1912, in favor of one Scinda Street and against the said Mollie Ledford and others, in an action therein pending, for $321.95, the same being for the conversion of personal property, and on this judgment an execution issued against the said Mollie Ledford on 12 December, 1912, and under this execution the land in controversy was sold as the property of the said Mollie Ledford on 7 April, 1913, and purchased by the plaintiff, to whom the sheriff executed a deed of conveyance, and who thereupon instituted this action to recover the land.

The term of court at which said judgment was rendered began on 22 July, and the plaintiff contended that the said judg-

ment should "be held and deemed to have been rendered and docketed on the first day of said term," and by relation to said day to constitute a lien upon the land prior to the rendition of the judgment and the registration of the deed under which the defendant claimed.

The so-called doctrine of relation was originated in rules of court and enacted afterwards into statute in order to place all parties obtaining judgments against a common debtor at same term upon an equality.

In discussing the rule and the ground upon which it was adopted, this Court said in *Norwood v. Thorp,* 64 N. C., page 685: "This was nothing new, but simply an affirmance of an ancient rule of the common law adopted in furtherance of justice to give fair play, to prevent an indecent rush to get a judgment docketed first, and to cut off all chance of favoritism on the part of the clerk," and we may add, to prevent the rights of the parties from depending upon the chance as to which plaintiff should first get the ear of the court. *Norwood v. Thorp,* 64 N. C., 685; *Johnson v. Sedberry,* 65 N. C., 4; *Bates v. Hinsdale,* 65 N. C., 423.

Rules of this Court have been adopted antedating the statute in order to secure equality among judgments obtained at the same term. 65 N. C., 705, Rules 1 and 2; 63 N. C., 668, Rule 9.

This doctrine is not permitted at this day to destroy the rights of third persons, and like other fictions of the law is administered in the interest of equity and justice. Some courts who have applied this rule of relation to the prejudice of third persons have reversed their decisions.

This Court overruled its own decision made in 1838, when it adopted Rule 9 in these words: "The only difficulty in the adoption of this rule was the case of *Farley v. Lea,* 4 Dev. and Bat., 169, for the idea of allowing a judgment in a case which in fact was not tried below until after the commencement of a term of this Court, to relate back and take effect from the first day of the term, was out of the question. We are relieved from the difficulty by *Whitaker v. Wisbey,* 74 E. C. L. R., 48, decided in 1852, in which all the cases on the subject were fully

reviewed and the conclusion is, 'that a mere form or fiction of law introduced for the sake of justice shall not work a wrong contrary to the real truth and substance of the thing.' We consider *Farley v. Lea,* decided in 1838, overruled by the authority and reasoning of this case."

In the case of *Clifton v. Wynne,* 81 N. C., 160, this Court again discussed the injustice of the doctrine and declined to follow it, saying: "The action of the court is referred to its commencement, to avoid unseemly controversy for priority or advantage among suitors whose cases were acted on at different periods of the session. But a fiction adopted for convenience and to promote the ends of justice will not be allowed to defeat the substantial rights of others nor to obstruct the clear expression of the legislative will. 'The Court will not endure,' says *Lord Mansfield* in *Johnson v. Smith,* 2 Burr., 950, "that a mere form or fiction of law introduced for the sake of justice should work a wrong, contrary to the real truth and substance of the thing.' . . .

"The principle to be extracted from *Whitaker v. Wisbey* is that rights and interests, intermediately acquired, are not displaced by the fiction, and that the one on which the court in fact rendered its judgment may be inquired into in deciding upon the preferences among contesting claimants."

In Broom's Legal Maxims the case of *Whitaker v. Wisbey* is cited, and it is there said: "It has indeed been affirmed, as a broad general principle, that the truth is always to prevail against fiction, and hence, although for some purposes the whole assizes are to be considered as one legal day, the Court is bound, if required for the purpose of doing substantial justice, to take notice that such legal day consists of several natural days or even of a fraction of a day. Evidence may, therefore, be advanced to show that an assignment of his goods by a felon *bona fide* made for a good consideration after the commencement day of the assizes was in truth made before the day on which he was tried and convicted, and on proof of such fact the property will be held to have passed by the assignment." Broom's Legal Maxims, p. 128; star page 129.

The general, if not the universal, rule at this day is that the doctrine of relation invoked by the plaintiff here does not apply to strangers and will not be applied to the injury or prejudice of innocent third persons.

"A judgment will not be considered to relate to the first day of the term for the purpose of giving priority over a conveyance to a purchaser for value and without notice." 12 A. and E. Enc. Law, p. 115.

"As against intervening purchasers, it may be regarded as settled that the lien of a subsequent judgment will not attach, justice forbidding that in such a case it should relate back to a time anterior to the conveyance." Black on Judgments, sec. 442.

Mr. Freeman says: "At common law all judgments were by legal fiction supposed to be entered on the first day of the term at which they were recovered. But it was a maxim of the same law that 'a legal fiction is always consistent with equity,' and therefore, whenever the purpose of justice required it, the true time of entering judgment might be averred and proved. . . . But however the fiction of law by which judgments are considered as being rendered on the first day of the term may affect one judgment lien in contest with other judgment liens of the same nature, it seems to be generally conceded that it cannot prejudice the interests of *bona fide* purchasers.

"Whenever a purchaser before the signing of judgment without notice, and without being guilty of any fraud, acquires an interest in real estate, that interest cannot be charged with the lien of any judgment subsequently entered against his grantor, though such judgment, as between itself and other judgments, rank as though entered at the beginning of the term and at some time prior to its actual rendition." Freeman on Judgments, sec. 369.

We are of opinion that his Honor erred, and that upon the facts agreed judgment should be entered for the defendant. It is so ordered.

Reversed.