ODELL HARDWARE COMPANY v. HOLT-MORGAN MILLS.

(Filed 11 April, 1917.)

**1. Receivers—Corporation—Title—Appointment—Judgments.**

The title to the property of a corporation vests in the receiver at the time he has been duly appointed by the court, from which time the corporation is divested thereof, and a judgment against the corporation entered thereafter, but before the docketing of the order or the qualifying of the receiver thereunder can acquire no lien in favor of the judgment creditor. Revisal, sec. 1224.

**2. Same—Implication of Law—Beginning of Term.**

A judgment rendered against a corporation does not relate back, by implication of law, to the beginning of the term, so as to create a lien on the corporate property as against the vesting of the title in a receiver, under the statute (Revisal, sec. 1224), who had in the meanwhile been appointed. Revisal, secs. 573, 574.

**3. Same—Consent of Corporation—Rights of Creditors.**

The consent of a defunct corporation that a judgment rendered should relate back to a preceding term of court cannot affect the vesting of the title in the receiver, representing the general creditors, who has been appointed in the meanwhile.

CIVIL ACTION, heard on exceptions to report of referee before *Connor, J.,* at February Term, 1917, of CUMBERLAND.

The question presented was on the right of Odell Hardware Company to a lien by docketed judgment on the real property of the defendant mills as against the receiver, appointed for said mills by order of the court duly entered. The relevant facts sufficiently appear in certain findings by the referee, as follows:

"First. That the summons was duly issued and served upon the defendant, and verified complaint filed at the return term, November Term, 1915, of Cumberland Superior Court.

"Second. That judgment was not taken at such term for the reason that at the request of the defendant or its counsel the cause was continued from term to term until March Term, 1916, in order that the officers and directors might use their best efforts to effect reorganization of the Holt-Morgan Mills, in which efforts the plaintiff and its counsel coöperated.

"Third. That the March Term, 1916, a civil term of court, expired by limitation on 1 April, 1916.

"Fourth. The efforts to effect a reorganization of the Holt-Morgan Mills having failed in their object, H. L. Cook, Esq., attorney for the

Odell Hardware Company, plaintiff herein, and Hon. John G. Shaw, president and attorney of the Holt-Morgan Mills, on 12 April, 1916, went to Lumberton, N. C., and appeared before his Honor, F. A. Daniels, judge holding the courts of the Ninth Judicial District, who was then presiding at a regular term of Robeson Superior Court.

"Fifth. That on the morning of 12 April, 1916, Judge Daniels signed a judgment for the plaintiff in full of the indebtedness and interest, a copy of the judgment being hereto attached as a part of this finding, and marked Exhibit 'A.'

"Sixth. That while in Lumberton, N. C., Hon. John G. Shaw, president and attorney of the Holt-Morgan Mills, prepared and filed an answer, admitting the allegations of the complaint, as appears of record in this action.

"Seventh. That some time during the afternoon of 12 April, 1916, an order was prepared and signed by Judge Daniels, at Lumberton, N. C., placing the Holt-Morgan Mills, the defendant, in the hands of S. W. Cooper, John G. Shaw, and C. C. McAlister, as receivers, and requiring, among other things, that each of the receivers file a bond with the clerk of the Superior Court of Cumberland County in the sum of $5,000, to be approved by said clerk (see copy marked Exhibit 'B.')

"Eighth. That immediately upon the return of H. L. Cook, Esq., and Hon. John G. Shaw to Fayetteville, on said 12 April, 1916, the judgment for the debt (Exhibit 'A') was filed with the clerk of the Superior Court of Cumberland County, and was by him recorded in the minutes of March Term, 1916, as if actually rendered at said term.

"Ninth. That Hon. John G. Shaw, representing the Holt-Morgan Mills, consented to the judgment being rendered 'as of March Term, 1916,' as appears by his written consent on the original judgment in the files.

"Tenth. That said judgment (Exhibit 'A') was by the clerk of the Superior Court of Cumberland County immediately docketed on his judgment docket on 12 April, 1916, as Judgment Roll No. 15333, between a judgment docketed 11 April, 1916, and another docketed 14 April, 1916.

"Twelfth. That on 14 April, 1916, the order appointing the receivers was filed with the clerk, and at the same time the said receivers each filed a bond with said clerk, each of which was on said date approved, and the receivers duly qualified, as required in the order of appointment."

Upon these findings the referee held, as a conculsion of law, that plaintiff acquired no lien by reason of the docketed judgment as against the

receiver representing general ceditors, and this conclusion having been affirmed by the court, judgment was so entered, and plaintiff excepted and appealed.

*Cook & Cook for Odell Hardware Company.*
*Robinson & Lyon for bank.*

HOKE, J., after stating the case: The statute applicable, Revisal 1905, sec. 1224, provides as follows: "All the real and personal property of an insolvent corporation and all its franchise rights and privileges and effects shall, upon the appointment of the receiver, forthwith vest in him, and the corporation shall be divested of the title thereto."

The facts showing that the order appointing the receiver was signed on 12 April and prior to the docketing of appellant's judgment in the county where .the real estate of the corporation was situated, by the plain intent and meaning of the law, the appellant has acquired no lien on the corporate assets and holds only a claim as general creditor.

The position is not affected by the fact that the receivers did not qualify or give bond until 14 April. True, the receivers, unless otherwise provided in the order, could not properly assume control of the property till they had qualified. Certainly they could make no authoritative disposition of it before that; but the language of the statute is that the property vests at the date of the appointment and that the title of the corporation is divested at that date. The statute was evidently expressed in these explicit and peremptory terms with a view of insuring a distribution of the property under conditions existent at the time of the appointment and to prevent a creditor from obtaining any advantage over another from and after that time, and it is, therefore, expressly provided that from such date the corporation shall have no interest in the property on which a lien can be acquired.

We were cited to several authorities by counsel to the effect that a judgment signed out of term shall be considered a valid judgment, and, as between the parties, it may be entered and given the effect of a judgment *nunc pro tunc;* but we find nothing in these cases that, on the facts now presented, and as against other creditors, would uphold a lien in plaintiff's favor or carry the effect of its docketed judgment by relation from the time it was actually entered on 12 April to the preceding term of the court in March. Our statute, Revisal 1905, sec. 574, enacts that a judgment shall be a lien from the time it is docketed. The only provision made for extending this lien by relation to a preceding time is in sec. 573, to the effect that judgments entered during any term of the court and docketed during the term or within ten days thereafter shall

be held and deemed to have been docketed on the first day of the term. This provision does not purport to apply to a judgment signed out of term and a judgment *nunc pro tunc,* though by agreement, is not allowed to take effect by relation and confer a lien to the prejudice of third parties. *Ferrell v. Hales,* 119 N. C., 199; 23 Cyc., 1365.

On the facts of this record, the receiver, representing the rights and interests of all the creditors, is not concluded by an agreement made by the attorney of the claimant and counsel representing the mill.

In the citation from Cyc. it is said that a judgment entered *nunc pro tunc* does not relate back for the *purpose of a lien* to the day as of which it is entered, but takes effect only from its actual entry.

Even in cases coming within the express provision of the statute, that is, judgments entered during a term, it is held with us that this lien by relation has no application as against claimants who have meantime acquired the title *bona fide* and for value. *Fowle v. McLean,* 168 N. C., 537; *McKinney v. Street,* 165 N. C., 515. In such case the law will take notice of fractions of a day in favor of such a purchaser, and it would seem that the receivers, vested by statute with title from the time of their appointment and representing all the creditors, should be entitled to, at least, equal consideration.

We find no error in the proceedings below, and the judgment is

Affirmed.