FIRST-CITIZENS BANK & TRUST COMPANY v. H. DOLPH BERRY, Receiver of FAYETTEVILLE TRACTOR AND EQUIPMENT COMPANY, INC., H. DOLPH BERRY, Receiver of FOUR COUNTY TRACTORS, INC., JOHN A. McLAMB and L. D. MINGES

No. 6812SC359

(Filed 16 October 1968)

1. Receivers §§ 5, 12— title or control of insolvent's property — liens

The title to all of the real and personal property of an insolvent corporation vests in the receiver immediately upon appointment, and a judgment rendered in an independent action after the receiver's appointment does not create a lien on the corporate property as against the receiver. G.S. 1-507.3.

2. Receivers § 10— time and method of filing claims

All claims against an insolvent corporation must be presented to the receiver in writing and within the time limit directed by the court or the claims may be barred. G.S. 1-507.6.

3. Receivers § 5— nature of control by receiver

The receiver holds title to and disposes of all property vested in him as an officer of the court, and he receives his authority from the applicable statutes together with the directions and instructions of the court in its order appointing him. G.S. 1-507.2.

4. Receivers § 10— action against insolvent corporation — abatement of action

In an action by creditor-bank against insolvent corporation and its officers to recover money judgment for losses resulting from the corporation's issuance of worthless checks, trial court did not err in dismissing plaintiff's action on ground that the action was abated by the appointment of a receiver for the corporation; nor did trial court err in denying plaintiff's motion that its complaint be treated as a proof of claim in the receivership proceeding, since plaintiff did not make such motion until more than two and one-half years after it had filed a proof of claim in the receivership proceeding and until after its proof of claim in the receivership proceeding had been ruled not entitled to preference over the claims of unsecured creditors.

5. Appeal and Error § 24— preservation of exceptions and assignments of error

Exceptions not brought forward and grouped as assignments of error nor discussed in plaintiff's brief are deemed abandoned. Rule of Practice in the Court of Appeals No. 28.

Appeal by plaintiff from *Braswell, J.,* 6 May 1968 Civil Session of Superior Court of Cumberland County.

This case was consolidated in this Court for hearing with case No. 6812SC358 entitled *Tractor and Auto Supply Company, Inc. v. Fayetteville Tractor and Equipment Company, Inc., et al.*

First-Citizens Bank & Trust Company (First-Citizens) on 20 May 1965 filed its complaint which was later amended, alleging that during April 1965 Fayetteville Tractor and Equipment Company, Inc., (Fayetteville Tractor) gave thirteen checks in the total amount of $113,966.55 to Four County Tractors, Inc. (Four County), all drawn on the Southern National Bank of North Carolina (Southern National). Four County deposited all of these in a checking account it maintained with First-Citizens at its Dunn branch. All of these checks were returned unpaid after being promptly forwarded to Southern National for payment. Before these checks had been returned, First-Citizens had paid checks of Four County totaling $60,-267.01. Included in this total were checks totaling $50,963.18 that Four County had given to Fayetteville Tractor. Fayetteville Tractor had presented these checks to and was paid by First-Citizens from Four County's bank account before Southern National returned unpaid the first of the thirteen checks that Fayetteville Tractor had theretofore given to Four County. Defendant John A. McLamb is president of Fayetteville Tractor and defendant L. D. Minges is its secretary. Defendant John A. McLamb is also president of Four County and defendant L. D. Minges is its secretary and treasurer. Plaintiff asks that it recover of the defendants, jointly and severally, the sum of $60,267.01. Thereafter, H. Dolph Berry, Receiver of Fayetteville Tractor, having been appointed as such on 31 May 1965 in above referred to case bearing No. 6812SC358, was substituted as a party defendant in this action in place of Fayetteville Tractor and filed answer and a plea in bar. The plea in bar of the Receiver of Fayetteville Tractor alleges:

"I. That in the action entitled 'TRACTOR AND AUTO SUPPLY COMPANY, INC. vs. FAYETTEVILLE TRACTOR AND EQUIPMENT COMPANY, INC., ET AL.,' now pending in the Superior Court of Cumberland County, North Carolina, by an order entered therein dated May 31, 1965, by His Honor E. Maurice Braswell, Resident Superior Court Judge of the Twelfth Judicial District, H. Dolph Berry was appointed temporary Receiver of Fayetteville Tractor and Equipment Company, Inc., and by further order entered by His Honor Edward B. Clark, Superior Court Judge presiding at the June 14, 1965, Civil Session of the Superior Court of Cumberland County, H. Dolph Berry was appointed permanent Receiver of Fayetteville Tractor and Equipment Company, Inc.

II. That, by each of the aforesaid orders, all creditors of Fayetteville Tractor and Equipment Company, Inc. were enjoined and restrained from commencing any civil action against Fay-

etteville Tractor and Equipment Company, Inc., and that no appeal has been perfected by the plaintiff from such orders entered in the aforesaid action now pending in the Superior Court of Cumberland County. That this action was instituted by First-Citizens Bank & Trust Company prior to the entry of such orders in the above referred to action that gave rise to the actual receivership proceedings of Fayetteville Tractor and Equipment Company, Inc.

III.   That the aforesaid orders have not in any way been modified or rescinded, that H. Dolph Berry has duly qualified and is now acting as permanent Receiver of Fayetteville Tractor and Equipment Company, Inc., and that H. Dolph Berry has entered upon the properties of Fayetteville Tractor and Equipment Company, Inc., and is now in the process of liquidating same.

IV.   That Fayetteville Tractor and Equipment Company, Inc., is not at this time conducting any business in its own name, but that all of the affairs of said corporation are being handled by H. Dolph Berry, Receiver, as aforesaid.

V.   That by the terms of the aforesaid orders entered in the action entitled 'TRACTOR AND AUTO SUPPLY COMPANY, INC. vs, FAYETTEVILLE TRACTOR AND EQUIPMENT COMPANY, INC., ET AL.,' and also pursuant to the general laws and rules of equity as same are enforced and applicable in the State of North Carolina, that the plaintiff is not entitled to obtain any money judgment in this action by which judgment, in itself, the plaintiff would obtain any higher lien or preference above the other creditors of Fayetteville Tractor and Equipment Company, Inc."

This plea in bar filed by H. Dolph Berry, Receiver of Fayetteville Tractor, was heard at the 6 May 1968 Civil Session of the Superior Court of Cumberland County. After this hearing the court made the following conclusions of law and rendered judgment dated 13 May 1968 as follows:

"(1)   That the plaintiff in this action, First-Citizens Bank and Trust Company, is not entitled to obtain any money judgment in this action against Fayetteville Tractor and Equipment Company, Inc., by which judgment, in itself, the plaintiff would obtain any higher lien or preference above the other creditors of Fayetteville Tractor and Equipment Company, Inc.

(2)   That this action as to the claim of First-Citizens Bank

and Trust Company against Fayetteville Tractor and Equipment Company, Inc., has been effectively abated by the appointment of a permanent Receiver for Fayetteville Tractor and Equipment Company, Inc., in Case No. 66CvS277, and that the Receivership Proceedings in Case No. 66CvS277 is the proper forum for the determination of the amount of the just claim of First-Citizens Bank and Trust Company against Fayetteville Tractor and Equipment Company, Inc., and for the determination of the priority and dignity of such claim with respect to other claimants against Fayetteville Tractor and Equipment Company, Inc.

(3)   That no money judgment should be entered in this action in favor of the plaintiff and against the defendant H. Dolph Berry, Receiver of Fayetteville Tractor and Equipment Company, Inc.

Now, Therefore, upon the foregoing findings of facts and conclusions of law, It Is Ordered, Adjudged and Decreed that this action by First-Citizens Bank and Trust Company as to H. Dolph Berry, Receiver of Fayetteville Tractor and Equipment Company, Inc., is dismissed, and that no part of the costs of this action are taxed to said Receiver."

To the judgment entered thereon, First-Citizens excepts and gives notice of appeal to the Court of Appeals.

*Jordan, Morris & Hoke by William R. Hoke for plaintiff appellant.*

*J. Duane Gilliam for defendant H. Dolph Berry, Receiver of Fayetteville Tractor and Equipment Company, Inc., appellee.*

Mallard, C.J.

At the outset it should be stated that on this appeal we are concerned only with the cause of action alleged in the complaint by plaintiff against the defendant Fayetteville Tractor. We are not concerned with the cause of action alleged by plaintiff against H. Dolph Berry, Receiver of Four County Tractors, Inc., John A. McLamb, or L. D. Minges.

Plaintiff asserts in its brief that the question presented on this appeal is: "Did the trial Court err in dismissing the plaintiff's action without ordering that the complaint be treated as a Proof of Claim in the receivership proceedings?" Plaintiff asked that a receiver be appointed in this case, but before its motion was heard, a receiver

was appointed for Fayetteville Tractor in the case of *Tractor and Auto Supply Company, Inc. v. Fayetteville Tractor and Equipment Company, Inc., et al,* which has No. 6812SC358 in this Court. This case was consolidated for argument with the case under consideration.

Plaintiff contends that the two cases are so intertwined that they must be considered together. We do not agree with this contention. Each case is here upon different assignments of error.

First-Citizens filed suit in the instant case on 20 May 1965. Shortly thereafter, the Receiver was appointed in the other case referred to above, which was filed 27 May 1965, and First-Citizens filed a proof of claim in that case which is numbered 6812SC358 in this Court. First-Citizens asserts it has alleged in both cases facts which if proven will place its claim in a status of priority over that of ordinary creditors of Fayetteville Tractor.

In the case under consideration, the plaintiff does not cite any authority in support of its contention that the trial court committed error in dismissing the plaintiff's action and in failing to order that the complaint be treated as a proof of claim in the case in which the Receiver was appointed, other than to say that appellant presents its argument and citation of authority in its brief filed in case No. 6812SC358.

[1-3]  The title to all of the real and personal property of an insolvent corporation vests in the receiver immediately upon appointment. G.S. 1-507.3. A judgment rendered in an independent action after the appointment of a receiver does not create a lien on the corporate property as against the receiver. *Hardware Co. v. Holt,* 173 N.C. 308, 92 S.E. 8; 6 Strong, N. C. Index 2d, Receivers, § 12, p. 602. All claims against an insolvent corporation must be presented to the receiver in writing. G.S. 1-507.6. The receiver holds title to the property vested in him as an officer of the court. He receives his authority from the applicable statutes, together with the directions and instructions of the court in its order appointing him. *Battle v. Davis,* 66 N.C. 252; *Stuart v. Boulware,* 133 U.S. 78, 33 L. Ed. 568; *Union National Bank of Chicago v. Bank of Kansas City,* 136 U.S. 223, 34 L. Ed. 341. The receiver *holds and disposes* of all property coming into his hands in his official capacity under the direction of the court. G.S. 1-507.2. The question of the appointment of and the validity of the appointment of the receiver is not raised or presented on this record.

In the case of *Surety Corp. v. Sharpe,* 232 N.C. 98, 59 S.E. 2d 593, the Supreme Court said:

"The law contemplates the settlement of all claims against the insolvent debtor in the original action in which the receiver is appointed, except in the infrequent instances where the appointing court, for good cause shown, grants leave to a claimant to bring an independent action against the receiver."

[2]    Proof of claims must be filed with the receiver in writing pursuant to the statute and within the time limit directed by the court or such claim may be barred. G.S. 1-507.6; *Brewer v. Elks,* 260 N.C. 470, 133 S.E. 2d 159.

[4]    In the case under consideration, we are of the opinion and so decide that it was within the power and authority of the court in its discretion to dismiss First-Citizens' cause of action against the appellee and to require First-Citizens to rely upon the filing and assertion of its claim against the Receiver of Fayetteville Tractor, appellee, in the cause of action in which the Receiver was appointed.

From the record in case No. 6812SC358, it appears that First-Citizens was on 3 June 1965 made an additional party defendant in that case and filed its proof of claim therein on 22 October 1965. It was the duty of First-Citizens, after receiving proper notice, to file its own proper claim in the action in which the Receiver was appointed. There is no allegation in the complaint or motion in the record filed herein by plaintiff asking that the complaint, as amended, be treated as proof of claim in the case in which the Receiver was appointed. Thus, the Superior Court, upon the hearing of the Receiver's plea in bar, did not commit error in failing to order the complaint in this case to be made a part of the plaintiff's proof of claim in the case in which the Receiver was appointed. Plaintiff on 22 October 1965 had filed its proof of claim in that case, and on 2 November 1965 the Receiver, in his answer filed herein, requested that plaintiff's complaint be treated as a verified proof of claim in the case in which the Receiver was appointed. Apparently plaintiff was satisfied with its proof of claim for two and one-half years and did not want and did not accept Receiver's motion to have this complaint treated as its proof of claim. The records in both cases do not show any motion made by plaintiff to amend its proof of claim until 15 May 1968 when an order was filed in case No. 6812SC358 dated 13 May 1968 and signed by Judge Braswell, denying plaintiff's motion for an order allowing it to amend its proof of claim filed therein. It is interesting to note that there is nothing in either of the records to show when plaintiff's motion was made, and whether it was oral or in writing. (Appellee's brief in case No. 6812SC358 reveals that this motion was made orally on 13 May 1968, the same day it was

ruled on.) However, it is observed that it was dated the same date as and filed two days after Judge Braswell's order is dated and filed in which he held in case No. 6812SC358 that First-Citizens' claim was not entitled to priority.

The first time plaintiff mentions anything about the complaint in this action becoming part of its proof of claim in the case in which the Receiver was appointed was in its brief.

[5] Plaintiff's exceptions numbered two and three are deemed abandoned. They were not claimed as the basis for an assignment of error and were not grouped in the assignments of error and were not mentioned in plaintiff's brief. (See Rule 28 of the Rules of Practice in the Court of Appeals.)

The trial court did not commit error in the signing and entry of the judgment of 13 May 1968 dismissing the plaintiff's action without ordering that the complaint be treated as a proof of claim in the case in which the Receiver was appointed. The judgment of the Superior Court is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.