In re Se. Eye Ctr. (EBW Judgment), 2017 NCBC 73.

STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 11322

IN RE SOUTHEASTERN EYE
CENTER-JUDGMENTS

ORDER AND OPINION ON THE
RECEIVER'S MOTION FOR
ADDITIONAL FINDINGS AND
MODIFICATION AND
AMENDMENT OF
INTERLOCUTORY ORDER
(EBW JUDGMENT)

1.     **THIS MATTER** is before the Court upon the Receiver Gerald A. Jeutter, Jr.'s (the "Receiver") Motion for Additional Findings and Modifications and Amendment of Interlocutory Order (EBW Judgment) (the "Motion") in the above-captioned case.

2.     Having considered the Motion, the parties' opening and response briefs, the Receiver's supplemental brief, and the arguments of counsel at the hearing on July 25, 2017, the Court **DENIES** the Motion as set forth below.

*Oak City Law LLP, by Robert E. Fields, III, for Receiver Gerald A. Jeutter, Jr.*

*Defendant Douglas S. Harris, pro se.*

Bledsoe, Judge.

I.

PROCEDURAL AND FACTUAL BACKGROUND

3.     This Motion seeks modifications to the Court's Order and Opinion dated May 4, 2017 (the "Opinion"), (ECF No. 432).  The Court incorporates herein the

procedural and factual background set forth in Section I of the Opinion and only recites subsequent procedural and factual background to the extent necessary to resolve the Receiver's Motion.

4. In the Opinion, the Court granted Douglas Harris's ("Harris") Motion to Release [the Barton] Judgment, denied the Receiver's Motion for Application of Full Faith and Credit and Res Judicata, and ordered the Guilford County Clerk of Superior Court to "(i) mark on the judgment docket for *Charles M. Ivey, III, as Chapter 7 Trustee for EBW Laser, Inc. and EBW, Inc. v. James Mark McDaniel, C. Richard Epes and Douglas Harris* (Guilford County Superior Court, No. 12-CVS-11322) that the Barton Judgment is paid and satisfied in full and (ii) forward a certificate of payment in full to the clerk of superior court in each county to which a transcript of the Judgment has been sent." (Opinion 20–21, ECF No. 432.) The Court further ordered "the Receiver to cease and desist all collection activities to recover on the Barton Judgment." (ECF No. 432 at 21.)

5. The Opinion was stamped and filed by the Guilford County Clerk of Superior Court on May 9, 2017.

6. On May 19, 2017, the Receiver filed this Motion and initial Brief through the North Carolina Business Court's electronic filing system with service on all parties. The Receiver moves for relief pursuant to Rule 52 and 54, and, in the alternative, under Rules 59 and 60, of the North Carolina Rules of Civil Procedure.[1]

---

[1] The Court is required to write an opinion resolving motions made under Rules 59 and 60. *See* N.C. Gen. Stat. 7A-45.3.

7.    The Court convened a telephone status conference on the Motion on May 25, 2017. By oral and written order that same day, the Court ordered the Receiver to file a supplemental brief to address "(i) the rules under which the Motion is made and how those rules authorize the requests in the Motion; (ii) the justification for the amendments requested in the Motion; (iii) the justification for the Receiver's request in the Motion that the Court authorize an appeal and other action as set forth in the Motion; and (iv) the necessity and proprietary of a final report, and the contents thereof [sic], in the procedural context of the EBW Judgment litigation (Guilford County Superior Court, No. 12-CVS-11322)." (Scheduling Order (EBW Judgment) 1–2, ECF No. 440.)

8.    On May 26, 2017, the Receiver's Motion was stamped and filed by the Guilford County Clerk of Superior Court.

9.    The Receiver filed his supplemental brief on June 9, 2017, and Harris filed his response opposing the Motion on July 1, 2017.

10.    The Court held a hearing on the Motion on July 25, 2017, at which Harris, the Receiver, and counsel for the Receiver were present.

II.

RULES 52 AND 54

11.    Rule 52 of the North Carolina Rules of Civil Procedure provides that "[u]pon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the

judgment accordingly."  "[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court."  N.C. R. Civ. P. 58.[2]

12.    "The primary purpose of a Rule 52(b) motion is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court.  If a trial court has omitted certain essential findings of fact, a motion under Rule 52(b) can correct this oversight and avoid remand by the appellate court for further findings." *Branch Banking & Trust Co. v. Home Fed. Sav. & Loan Ass'n*, 85 N.C. App. 187, 198–99, 354 S.E.2d 541, 548 (1987) (citation omitted); *see also Parrish v. Cole*, 38 N.C. App. 691, 694, 248 S.E.2d 878, 879 (1978) (to similar effect). Denial of a Rule 52 motion is proper when the findings of fact supporting the entry of judgment were sufficient.  *Branch Banking*, 85 N.C. App. at 199, 354 S.E.2d at 548.

13.    Here, the Receiver seeks to add six amendments and additional findings of fact to the Opinion.  The Receiver offers the first four modifications in order to "clarify" and "to provide context."  (Receiver's Br. Supp. Mot. 2–4, ECF No. 435.) The Court has reviewed the requested amendments and additional findings of fact and concludes that they are either not supported by the record or necessary to "correct [an] oversight" or to "avoid remand by the appellate court for further findings" or both.  *Branch Banking*, 85 N.C. App. at 198–99, 354 S.E.2d at 548 (citation omitted).  The Court will briefly discuss each in turn.

---

[2]  Harris objects to the Motion as untimely to the extent it is brought under Rule 52 and 59. (Harris's Resp. 6–7, ECF No. 453.)  The Motion, however, was filed on the North Carolina Business Court's electronic filing system within ten days of the filing of the May 4, 2017 Opinion with the Guilford County Clerk of Superior Court.  Therefore, the Court concludes that Harris's timeliness objection is without merit.

14. The Receiver's first request seeks to specifically include Bessie Epes as one of the "other defendants" in the "Trustee Recovery Litigation" referenced in paragraph 9 of the Opinion. (ECF No. 435 at 2.) The Court declines to make this requested modification, finding it unnecessary because the Court identified the Trustee Recovery Litigation by its specific case caption in the United States Bankruptcy Court for the Middle District of North Carolina. The case file for that proceeding is a matter of public record and can be consulted by any reviewing court to determine the identities of all defendants in that litigation. The Court further notes that Bessie Epes is not identified as a defendant in the specific adversary proceeding described in the bankruptcy court's Order Approving Settlement of Controversy, which is cited in paragraph 9 of the Opinion. Order Approving Settlement of Controversy at 1, *Ivey v. McDaniel* (*In re EBW Laser, Inc.,* Nos. 05-10220C-7G, 05-10221C-7G*)*, No. 07-2004 (Bankr. M.D.N.C. Oct. 16, 2013), ECF No. 625.

15. The Receiver's second request seeks to add information to footnote 3 on page 5 of the Opinion concerning the circumstances of Harris's withdrawal of his objection to the Trustee's Motion for Authority to Settle Controversy in the federal bankruptcy court. (ECF No. 435 at 2–3.) The Court declines to make the requested modification, again finding it unnecessary in light of the Court's citation to the Order Approving Trustee Settlement at pages 5–7, and 10, a document, which describes the terms and conditions of Harris's withdrawal of his objection and which

is readily available on the public record in the Trustee Recovery Litigation in the federal bankruptcy court.

16. The Receiver's third and fourth requests seek to add information to paragraph 35 of the Opinion, which states that "[t]he Receiver has not argued, nor is the Court prepared to conclude, that the UEFJA is preempted or otherwise without application here." (ECF No. 432 at 13.) The Receiver requests two additional findings: (i) that paragraph 35 be modified to state that "[t]he Receiver's request for Full Faith and Credit, a federal constitutional doctrine, and reliance on federal cases addressing satisfaction of federal question judgments presented an issue as to whether federal law preempts the UEFJA" and (ii) that paragraph 35 be modified to state that "the Receiver has not argued explicitly . . . that the UEFJA is preempted or otherwise without application here.". (ECF No. 435 at 3–4.) The Court declines to make the requested modifications, again finding it unnecessary, this time because the Receiver's brief is available as a matter of public record and a transcript of the hearing on the motions resolved in the Opinion will be available to any appellate court reviewing this matter.

17. In sum, the Court is not persuaded that the Receiver's request that the Court "clarify" and "provide context" to the Opinion through the first four proposed amendments is compelled or appropriate under Rule 52.

18. The Receiver's fifth and sixth proposed amendments seek findings of fact authorizing him "to abandon the [Barton] Judgment to Bessie Epes" or, in the alternative, to "add findings to clarify the Receiver's authority to pursue any

appellate review" of the Opinion and to "direct[] [him] to file a final report as to the [Barton] Judgment." (ECF No. 435 at 4–5.) As with the first four proposed amendments, however, the Court is not persuaded that these proposed modifications are necessary to "correct [an] oversight" or "avoid remand by the appellate court for further findings." *Branch Banking*, 85 N.C. App. at 198–99, 354 S.E.2d at 548 (citation omitted). To the contrary, the proposed amendments seek the Court's authorization to take certain additional actions relating to the Barton Judgment, not to clarify or add essential facts to the Opinion. *Id.* at 198–99, 354 S.E.2d at 548. As such, the Court finds no basis under Rule 52 to justify the Receiver's fifth and sixth proposed amendments, but nonetheless addresses these specific requests more fully in Section IV *infra*.

19. In sum, therefore, the Court concludes, in the exercise of its discretion, that the Receiver's Motion should be denied to the extent it is brought under Rule 52.

20. The Receiver also moves under Rule 54, arguing that "a court may modify or revise an interlocutory ruling at any time prior to final judgment" under that Rule. (ECF No. 435 at 1.) As an initial matter, the parties vigorously debate whether the Opinion is a final judgment;[3] Harris contends that it is, necessarily defeating the Motion under Rule 54, and the Receiver argues that is not, asserting that the Court thus has broad authority under Rule 54 to modify its ruling. The

---

[3] "A final judgment is one which disposes of the cause as to all parties, leaving nothing to be judicially determined between them in the trial court." *State v. Sanchez*, 175 N.C. App. 214, 215, 623 S.E.2d 780, 781 (2005) (quoting *Veazey v. Durham*, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381 (1950)).

Court concludes, however, that it need not determine whether the Opinion is a final judgment to resolve the Motion because, in either event, the Receiver's Motion under Rule 54 must fail.

21. By its plain and unambiguous terms, Rule 54 does not permit amendment of a final judgment. Thus, to the extent the Opinion is a final judgment, the Motion must be denied.

22. The same result obtains to the extent the Opinion is an interlocutory order. Although the North Carolina courts have not formulated a standard to guide trial courts in considering a motion to amend an interlocutory ruling under Rule 54(b), federal case law addressing similarly worded portions of Federal Rule 54(b) provides useful guidance. *See Tetra Tech Tesoro, Inc. v. JAAAT Tech. Servs., LLC*, 794 S.E.2d 535, 539 (N.C. App. 2016) (citing *Akeva, L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005)).[4]

23. Rule 54(b) of the Federal Rules of Civil Procedure, like Rule 54(b) of the North Carolina Rules of Civil Procedure, does not "set out any standard for reconsideration of interlocutory orders"; however, most federal courts "adhere to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions." *Akeva, L.L.C.*, 385 F. Supp. 2d at 565. In particular, under Federal Rule 54(b), interlocutory decisions "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need

---

[4] Federal decisions interpreting the federal rules are considered persuasive authority when interpreting similar state rules in the courts of this State. *See e.g.*, *Crowley v. Crowley*, 203 N.C. App. 299, 305, 691 S.E.2d 727, 732 (2010).

to correct a clear error or prevent a manifest injustice.'" *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, L.L.P.*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Although neither binding on this Court nor an exhaustive list of permissible considerations under Rule 54(b), the Court finds this federal guidance persuasive in the absence of contrary controlling case law from the North Carolina appellate courts.

24. After careful review of the Receiver's Motion, the Court cannot conclude that modification of the Opinion is required or appropriate under Rule 54(b) under the circumstances. First, the Receiver does not identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice" in offering his proposed modifications. *Id.* (quoting *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255). Moreover, the Court finds that the Receiver's first four requests are unnecessary for the same reasons discussed in connection with Rule 52 above. Finally, the Receiver's requested modifications to authorize the Receiver to take certain actions do not require a modification of the Opinion, and each is addressed more fully in Section IV *infra.*

25. For each of these reasons, therefore, the Court concludes, in the exercise of its discretion, that the Receiver's Motion should be denied to the extent it is brought under Rule 54.

## III.

## RULES 59 AND 60

26.    In the alternative, the Receiver seeks to obtain his requested amendments under Rules 59 and 60.   Under Rule 59(e), "[a] motion to alter or amend the judgment under section (a) of this rule shall be served not later than 10 days after entry of the judgment."   "A Rule 59(e) motion for relief from a judgment must be based on one of the grounds listed in Rule 59(a)."  *Ice v. Ice*, 136 N.C. App. 787, 789–90, 525 S.E.2d 843, 845 (2000); *see also N.C. Alliance for Transp. Reform, Inc. v. N.C. Dep't of Transp.*, 183 N.C. App. 466, 469, 645 S.E.2d 105, 108 (2007).   Rule 59(a) lists the causes or grounds for alteration or amendment of a judgment as follows:

> (1) Any irregularity by which any party was prevented from having a fair trial;
> (2)  Misconduct of the jury or prevailing party;
> (3) Accident or surprise which ordinary prudence could not have guarded against;
> (4) Newly discovered evidence material for the party making the motion which he could not, with reasonable diligence, have discovered and produced at the trial;
> (5) Manifest disregard by the jury of the instructions of the court;
> (6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice;
> (7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law;
> (8) Error in law occurring at the trial and objected to by the party making the motion, or
> (9) Any other reason heretofore recognized as grounds for new trial.

N.C. Gen. Stat. R. 59(a).  If a motion under Rule 59(e) is not based on the grounds set forth under 59(a), the motion is improper and should be denied.  *Ice*, 136 N.C. App. at 790, 525 S.E.2d at 845.

27. Here, the Receiver has not identified or otherwise suggested any grounds for his motion under Rule 59(a), necessitating denial of the Motion to the extent it is made under this Rule. *See also N.C. Alliance*, 183 N.C. App. at 469–70, 465 S.E.2d at 108 (affirming denial of Rule 59 motion where the "basis of the motion was not apparent from the grounds listed, leaving the trial court and the opposing party to guess what the particular grounds might be").

28. Rule 60(a) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders." "The court's authority under Rule 60(a) is limited to the correction of clerical errors or omissions." *Food Serv. Specialists v. Atlas Rest. Mgmt., Inc.*, 111 N.C. App. 257, 259, 431 S.E.2d 878, 879 (1993) (quoting *Hinson v. Hinson*, 78 N.C. App. 613, 615, 337 S.E.2d 663, 664 (1985)).

29. As discussed in the context of the Receiver's Motion under Rule 52, the Receiver's requested amendments and addition are to "clarify," "to add context," or "to authorize" and "direct" the Receiver to take certain action. As such, the Receiver does not seek to correct "errors [in the Opinion] arising from oversight or omission," precluding relief under this Rule.

30. Rule 60(b) provides as follows:

> [o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

N.C. R. Civ. P. 60(b).

31. The Receiver, however, does not seek relief from the operation or effect of the Opinion. Again, the Receiver's requested relief is to "clarify," "add context," or "authorize" or "direct" action. As such, the Motion does not seek permissible relief under Rule 60(b). Moreover, it appears to the Court that even if the Motion did seek relief proper under Rule 60(b), the Receiver has not offered evidence to meet his burden under the Rule. *Highfill v. Williamson*, 19 N.C. App. 523, 533–34, 199 S.E.2d 469, 475 (1973).

32. Accordingly, for the reasons set forth above, the Court, in the exercise of its discretion, denies the Motion to the extent it is brought under Rules 59 or 60.

IV.

RELIEF REQUESTED

33. Although the Court has concluded that the Receiver's Motion should be denied as discussed above, the Court finds it appropriate to address further the Receiver's requests seeking the Court's authorization to permit the Receiver to take certain actions.

34. When the Receiver was appointed as Receiver of KEPES, the Court granted the Receiver the powers set forth in N.C. Gen. Stat. §§ 1-507.2 and/or 57D-6-04. (Order Approving Settlement Agreement and Appointing Receiver for KEPES NEWCO, LLC and DRE NEWCO, LLC and Restraining Order 7, hereinafter "Appointment Order," ECF No. 26.) Most of the authority granted to the Receiver in the various appointment orders entered in these proceedings does not require specific Court approval prior to exercise. *See generally First-Citizens Bank & Trust Co. v. Berry*, 2 N.C. App. 547, 551, 163 S.E.2d 505, 508 (1968) ("The receiver holds title to the property vested in him as an officer of the court. He receives his authority from the applicable statutes, together with the directions and instructions of the court in its order appointing him."). Nonetheless, the "sale, conveyance, or transfer" of a Receivership Entities' asset when in the "best interests of the receivership estate" must be "approved and confirmed by this Court after notice to all parties in interest." (ECF No. 26 at 8–9.)

35. In the Opinion, the Court ordered the Receiver "to cease and desist all collection activities to recover on the Barton Judgment." (ECF No. 432 at 21.) It appears, through the Receiver's briefs on this Motion, that the Receiver now wishes to abandon the Barton Judgment to Bessie Epes. Such a course of action will involve the "sale, conveyance, or transfer" of the Barton Judgment to Ms. Epes, necessitating Court approval. As a result, the Court will enter a separate order, *sua sponte*, contemporaneously with this Order and Opinion deeming the Receiver's Motion as a request to abandon the Barton Judgment to Ms. Epes, requiring any

interested party to file a timely objection if they oppose the Receiver's request, and ordering the Receiver to file a timely response to any properly made objection.

36. In addition, although the Receiver acknowledges that "[f]rom the perspective of creditors, the Receiver's time and energy would seem to be better focused elsewhere," (ECF No. 435 at 4–5), it appears that the Receiver seeks, in the alternative, authorization to appeal the Opinion. A receiver appointed by the courts needs to be "authorized by the court to appeal from its judgment" but such authorization can be "express or implied." *C.D. Kenny Co. v. Hinton Hotel, Co.*, 208 N.C. 295, 298, 180 S.E. 697, 699 (1935).

37. Here, the Receiver has been authorized under the applicable Appointment Order "to sue and defend in his own name as Receiver of the Receivership Entities in *all courts of this State*[,]" "[t]o exercise all of the powers of the Receivership Entities, through or in place of their managers or board of directors, to the *extent necessary* to manage the affairs of the Receivership Entities *in the best interests* of their members, shareholders and creditors[,]" and "to bring all actions at law or in equity, or as the case may be, *such other proceedings as may be necessary and proper* to administer and liquidate the Receivership Entities' assets." (ECF No. 26 at 7, 9, 12.) Although these provisions could potentially be construed as granting the Receiver implied authority to appeal in certain circumstances, the Court did not intend to authorize the Receiver to appeal absent Court approval. As such, the Court agrees that the Receiver must seek express authorization from the Court to appeal the Opinion.

38. As a result, in the event the Receiver wishes to appeal the Opinion, the Receiver should move the Court for approval to initiate the appeal, and the Court will allow interested parties an opportunity to file objections and the Receiver an opportunity to respond.[5] *See generally Strauss v. Carolina Interstate Bldg. & Loan Ass'n*, 118 N.C. 556, 563–64, 24 S.E. 116, 117 (1896) ("There are cases in which it is the duty of receivers to appeal, where they think the party or corporation they represent has not had justice. But it is not considered to be their duty to appeal in the interest of one portion of the corporators--stockholders--against the other. And as to their duties, it is expected they will observe the directions of the court from whom they received their appointments."); *Battery Park Bank v. W. Carolina Bank*, 127 N.C. 432, 435, 37 S.E. 461, 462 (1900) ("But we fail to see why the receiver appealed from the judgment. He is in no wise concerned, nor is the interest of the defendant bank affected, as the indebtedness is admittedly valid.").

39. Finally, the Receiver has asked the Court to order the Receiver to file a final report concerning the EBW Judgment. Under North Carolina law, the Court is authorized to order the Receiver to make "a report of his proceedings to [this Court] at such times as the [C]ourt may direct during the continuance of the trust." N.C. Gen. Stat. § 1-507.3. The Court is not persuaded that a final report to the Court on the EBW Judgment is necessary at this time or would either facilitate the efficient administration of the Receivership Entities or provide additional information to the Court necessary for its supervision of the Receiver.

---

[5] The Court offers no view on whether any appeal of the Opinion would be timely as this issue is not before the Court at this time.

40.     **WHEREFORE**, the Court, in the exercise of its discretion, **DENIES** the Motion as set forth above.

**SO ORDERED**, this the 22nd day of August, 2017.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases