CURT TEICH & COMPANY, INC., v. L. C. LECOMPTE, TRADING AS ASHEVILLE POST CARD COMPANY.

(Filed 24 February, 1943.)

Interest § 2—

> Where judgment of the Superior Court awards judgments to both plaintiff and defendant in the same principal sum to each and further provides that the judgments offset and liquidate each other and on appeal this Court reversed the judgment on defendant's counterclaim and confirmed plaintiff's judgment, upon motion in the Superior Court for judgment, in accordance with Supreme Court opinion, plaintiff is entitled to interest only from the date of his original judgment.

APPEAL by defendant from *Blackstock, Special Judge,* at November Term, 1942, of BUNCOMBE.

This case was before the Court at the Fall Term, 1942. The judgment of the Superior Court on defendant's counterclaim was reversed. The opinion appears *ante,* 94.

At the November Term, 1942, of the Superior Court of Buncombe County, the plaintiff moved for judgment in accord with the opinion of the Supreme Court. Judgment was entered for plaintiff against the defendant in the sum of $2,836.09, with interest from 1 April, 1939.

In apt time defendant excepted to the judgment and appealed to the Supreme Court, assigning error.

*Zeb F. Curtis and Lipscomb & Lipscomb for plaintiff.*
*Harkins, Van Winkle & Walton for defendant.*

DENNY, J.   The original judgment in this cause was based upon two issues and the answers thereto.   The first issue was answered by consent in favor of the plaintiff, fixing the amount it was entitled to recover of the defendant in the sum of $2,836.09, with interest.   The jury fixed the amount the defendant was entitled to recover from the plaintiff on his counterclaim for damages in the sum of $2,836.09.   Whereupon judgment was entered, the pertinent part of which is as follows: "Ordered and Adjudged by the Court that the plaintiff have and recover judgment against the defendant in the sum of $2,836.09, and that the defendant have and recover judgment against the plaintiff in the sum of $2,836.09, said judgments to off-set and liquidate each other."

When the plaintiff moved for judgment in accord with the opinion of the Supreme Court, his Honor held the plaintiff was entitled to judgment for $2,836.09, with interest from 1 April, 1939.   The original judgment, holding that the claim of the plaintiff and defendant offset and liquidate each other, adjudicated the question raised on this appeal. The court below held in effect that plaintiff had no claim in excess of the claim of the defendant.   Certainly the defendant had no claim for interest on his counterclaim for damages until the amount was ascertained.   The reversal of the judgment for defendant on his counterclaim did not affect the plaintiff's claim for interest. *Teich & Co. v. LeCompte, ante,* 94.   The court having held that the claims of the plaintiff and defendant offset and liquidated each other, the plaintiff is only entitled to judgment for $2,836.09, with interest from the effective date of the judgment entered at March-April Term, 1942, of the Superior Court of Buncombe County.   *In re Chisholm's Will,* 176 N. C., 211, 96 S. E., 1031.   The judgment entered at the November Term, 1942, of the Superior Court of Buncombe County will be modified accordingly.

Modified and affirmed.