G. REID DUSENBERRY, III v. SUE BROWN DUSENBERRY (NOW FOWLER)

No. 8715DC255

(Filed 3 November 1987)

**Rules of Civil Procedure § 59— motions to amend or alter judgment—bare bones— untimely**

Plaintiff's motions under N.C.G.S. § 1A-1, Rule 59(e) to amend or alter an order distributing marital property were properly denied where one was a bare bones motion which stated neither the grounds nor specified the relief sought, the other was served sixteen days after the equitable distribution order was entered and was therefore untimely, and the initial bare bones motion was ineffective to toll the running of the appeal clock. N.C.G.S. § 1A-1, Rule 7(b)(1).

APPEAL by defendant from *Allen, J. B., Jr., Judge.* Orders entered 7 May 1986, 27 June 1986, and 9 October 1986 in ALA-MANCE County District Court. Heard in the Court of Appeals 30 September 1987.

Plaintiff filed this equitable distribution action on 25 February 1983. Upon entry of an order of distribution on 19 April 1984, defendant appealed to this Court on the sole issue of whether fault was a factor to be considered in determining the distribution of marital property. On review, we pointed out that we had held, in cases decided subsequent to entry of the lower court's order, that fault may not be considered in determining an equitable distribution of marital property. We therefore vacated the order below and remanded for a new order to be based solely on relevant findings. *Dusenberry v. Dusenberry,* 73 N.C. App. 177, 326 S.E. 2d 65 (1985). On discretionary review, the North Carolina Supreme Court modified and affirmed our decision and remanded for proceedings consistent with *Smith v. Smith,* 314 N.C. 80, 331 S.E. 2d 682 (1985).

The district court entered its second distribution order on 7 May 1986. This second order did not provide for payment of post-judgment interest to defendant. Defendant then served on plaintiff on 15 May 1986 a Motion to Amend or Alter Judgment and on 23 May an Amended Motion to Alter or Amend Judgment. By order filed 27 June 1986 the district court denied both motions. On 5 July defendant served notice of appeal from the court's orders of 7 May and 27 June. In response, plaintiff moved on 24

September to dismiss plaintiff's appeal for purported failure to comply with the North Carolina Rules of Appellate Procedure.

By order dated 9 October the district court granted plaintiff's Motion to Dismiss defendant's appeal based on findings to be indicated below. From this order of dismissal the defendant appeals.

*Holt, Spencer, Longest & Wall, by James C. Spencer, Jr.; and Hunter, Wharton & Howell, by John V. Hunter, III; for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, by Carole S. Gailor, for defendant-appellant.*

WELLS, Judge.

The defendant asks us to review three orders entered by the district court below: (1) an equitable distribution order that failed expressly to provide for payment of post-judgment interest on the marital property awarded, (2) an order denying two N.C. Gen. Stat. § 1A-1, Rule 59(e) of the Rules of Civil Procedure, motions to alter or amend a judgment, and (3) an order dismissing an appeal. Of these three orders we need only deal with the latter two, inasmuch as our affirmance of them precludes review of the equitable distribution award.

As indicated above, the district court's second Order Distributing Marital Property of 7 May 1986 made no express provision for payment of post-judgment interest to defendant. On 15 May defendant served on plaintiff a Motion to Amend or Alter Judgment, which read in its entirety as follows:

> NOW COMES the Defendant, by and through Counsel, who moves this Honorable Court pursuant to Rule 59(e) to alter or amend the judgment entered by this Court in its Order dated May 7, 1986.
>
> This is the 15th day of May, 1986.

On 23 May the defendant served on plaintiff an Amended Motion to Alter or Amend Judgment. In this second motion defendant expressly requested the court to amend the 7 May judgment to provide for post-judgment interest. As stated above, on 27 June the

district court signed an order denying both of defendant's Rule 59(e) motions.

Plaintiff contends that the 15 May motion was properly denied because it failed to comply with Rule 7(b)(1) of the Rules of Civil Procedure. We agree. Rule 7(b)(1) provides, in pertinent part: "An application to the court for an order shall be by motion which . . . shall be made by writing, *shall state the grounds therefor, and shall set forth the relief or order sought.*" [Emphasis added.] A bare-bones motion like that of 15 May, which neither states the grounds nor specifies the relief sought, fails to inform either the court or the adverse party of what the movant wants. Such complete failure to give notice cannot fairly be passed off as a technical defect, as defendant would persuade us. For where court and adverse party cannot comprehend the basis of a motion, they are rendered powerless to respond to it.

Defendant's Amended Motion to Alter or Amend Judgment of 23 May was served 16 days after the equitable distribution order was entered and was therefore untimely. It follows that the trial court's denial was proper. In sum, we affirm the trial court's order denying both of defendant's Rule 59(e) motions.

The district court dismissed defendant's appeal because counsel for defendant had not, within ten days of entry of the 7 May distribution order, either given proper notice of appeal or filed "a *proper* Rule 59(e) motion . . . *adequate* to suspend the finality of the Court's May 7, 1986 Order or stay the running of the appeal time." [Emphasis added.] Apparently, the trial court reasoned that if a Rule 59(e) motion fails to comply with the requirements of Rule 7(b) of the Rules of Civil Procedure, it is *ipso facto* ineffective to suspend the running of the appeal time. We agree. Rule 59(c) provides as follows: "A motion to alter or amend the judgment under section (a) of this rule shall be served not later than 10 days after entry of the judgment." In order to suspend the running of the appeal clock, a Rule 59(e) motion must not only be timely served, it must also meet the demands of Rule 7(b). In the present case, since defendant's first Rule 59(e) motion failed either to state the grounds or set forth the relief sought, it was ineffective to toll the running of the appeal clock. Therefore, the trial court's dismissal of defendant's appeal is affirmed.

As indicated above, because of our affirmance of the trial court's order denying defendant's Rule 59(e) motions, we cannot

reach the merits of defendant's claim for post-judgment interest dating from 19 April 1984, the date of the first distribution order subsequently vacated. However, we note that, as plaintiff candidly concedes in his brief, defendant is entitled to interest on $78,627.85 from the date of the distribution order of 7 May 1986 until paid, and we remand for amendment of that order to reflect this entitlement.

Affirmed as modified and remanded.

Judges EAGLES and MARTIN concur.