STEWART H. SMITH AND THOMAS H. BATTEN v. VICKY SUE JOHNSON, JOHN B. HARDEE, AND CELESTE HARDEE DAY

No. COA96-489

(Filed 4 March 1997)

1. **Appeal and Error § 206 (NCI4th)— sanctions and summary judgment—Rule 59 motion for reconsideration—time for notice of appeal—not tolled**

Defendant's notice of appeal was not timely where plaintiffs filed an action seeking damages and injunctive relief for clearing

a piece of land and placing a mobile home on it, defendants answered and asserted adverse possession as an affirmative offense, plaintiffs requested sanctions for discovery violations, the trial court struck the adverse possession defense as a sanction and the court granted summary judgment for plaintiffs on November 7, defendants requested that the summary judgment be set aside and a new trial granted, that motion was denied on December 21, and appeal was taken on December 27. Although the thirty-day period for filing an appeal under Rule 3 of the Rules of Appellate Procedure is tolled by a timely Rule 59 motion, it appears that this motion is merely an attempt to reargue matters already decided by the trial court and thus cannot be treated as a Rule 59(e) motion.

**Am Jur 2d, Appellate Review §§ 285 et seq., 292 et seq.**

**Tolling of time for filing notice of appeal in civil action in federal court under Rule 4(a)(4) of Federal Rules of Appellate Procedure. 74 ALR Fed. 516.**

**2. Judgments § 541 (NCI4th)— Rule 59 and 60 motion— denied—merely a request to reconsider**

A motion to set aside a sanction order and a summary judgment under N.C.G.S. § 1A-1, Rules 59 and 60 was properly denied where the motion was merely a request to reconsider its earlier decision and did not qualify as a Rule 59(e) motion and contained no allegations of fraud, misrepresentation, or other misconduct and thus was properly denied as a Rule 60 motion.

**Am Jur 2d, Judgments §§ 203, 205, 495.**

Appeal by defendants Vicky Sue Johnson and John B. Hardee from orders entered 7 November 1995 and 21 December 1995 in Craven County Superior Court by Judge W. Russell Duke, Jr. Heard in the Court of Appeals 14 January 1997.

*Ward and Smith, P.A., by Donald S. Higley, II and Ryal W. Tayloe, for plaintiff-appellees.*

*David P. Voerman, P.A., by David P. Voerman, for defendant-appellants Johnson and Hardee.*

*Lee, Hancock, Lasitter & King, P.A., by Moses D. Lasitter, for defendant Day.*

GREENE, Judge.

Vicky Sue Johnson and John B. Hardee (defendants) appeal an order dated and filed 7 November 1995 striking their affirmative defense of adverse possession. The defendants also appeal the denial of their "Motion To Set Aside Judgment And For a New Hearing" (motion), which order was dated 21 December 1995.

The undisputed facts are that Stewart H. Smith and Thomas H. Batten (plaintiffs) initiated this action against defendants seeking damages and injunctive relief after defendants cleared a piece of land owned by plaintiffs and placed a mobile home on it. Defendants answered and asserted as an affirmative defense that they acquired title to the piece of property by adverse possession.

The order striking the defendants' affirmative defense of adverse possession was in response to the plaintiffs' request for sanctions as a consequence of alleged discovery violations. After the sanction order the trial court granted summary judgment for the plaintiffs. The motion requested that the summary judgment be set aside "pursuant to Rule 60(b)(3)" and that a "new trial be granted pursuant to Rule 59(a)(2) and (7)."

Defendants' motion detailed the factual and procedural history of the case and specifically alleged that plaintiffs decided to seek a motion for sanctions for defendants having failed to comply with discovery requests when it was "well-known" that defendants' counsel was vacationing out of the country; plaintiffs did not first seek a motion to compel discovery; and all of the information and documents plaintiffs sought, "with the exception of a few receipts," had been available to plaintiffs at a previous preliminary injunction hearing concerning the same action. Based upon this information, defendants alleged that "[p]laintiffs' counsel has engaged in unprofessional and offensive trial tactics" and that plaintiffs have been unable to show that they were prejudiced by the alleged discovery violations. On 27 December 1995 the defendants gave notice of appeal "from the final Judgment dated and filed November 7, 1995, and from the Order denying Defendants' Motion to Set Aside Judgment and for New Hearing dated December 21, 1995."

The dispositive issue is whether the notice of appeal from the 7 November 1995 order striking the defendants' affirmative defense was timely.

**[1]** Rule 3 of the North Carolina Rules of Appellate Procedure provides thirty days to file an appeal from a judgment or order in a civil action. N.C. R. App. P. 3(c) (1997). "The running of the time for filing and serving a notice of appeal in a civil action . . . is tolled . . . by a timely [Rule 59] motion" for a new trial or to alter or amend a judgment. N.C. R. App. P. 3(c), (c)(3), (c)(4).

To qualify as a Rule 59 motion within the meaning of Rule 3 of the Rules of Appellate Procedure, the motion must "state the grounds therefor" and the grounds stated must be among those listed in Rule 59(a). N.C.G.S. § 1A-1, Rule 7(b)(1) (1990); N.C.G.S. § 1A-1, Rule 59(a) (1990); *Dusenberry v. Dusenberry*, 87 N.C. App. 490, 492, 361 S.E.2d 605, 606 (1987); *see* Charles Alan Wright et al., *Federal Practice and Procedure: Civil* 2d § 2811, at 132 (1995) (hereinafter *Federal Practice*) (motion that "does not sufficiently state grounds has been treated as a nullity and ineffective" for extending time for taking appeal). The mere recitation of the rule number relied upon by the movant is not a statement of the grounds within the meaning of Rule 7(b)(1). The motion, to satisfy the requirements of Rule 7(b)(1), must supply information revealing the basis of the motion. *Sherman v. Myers*, 29 N.C. App. 29, 30, 222 S.E.2d 749, 750 (motion must state "specific grounds upon" which relief is sought), *appeal dismissed and disc. rev. denied*, 290 N.C. 309, 225 S.E.2d 830 (1976); *Federal Practice* § 2811, at 132 (*pro forma* statement of grounds not sufficient).

In this case the defendants indicate in the motion that they rely on Rule 59(a)(2) & (7) as the bases of their motion. There are, however, no allegations in the motion revealing any "[m]isconduct of the jury or prevailing party," N.C.G.S. § 1A-1, Rule 59(a)(2), or an "[i]nsufficiency of the evidence to justify the verdict or that the verdict is contrary to law." N.C.G.S. § 1A-1, Rule 59(a)(7).

It appears that the motion is merely a request that the trial court reconsider its earlier decision granting the sanction and although this may properly be treated as a Rule 59(e) motion, *Federal Practice* § 2810.1, at 122, it cannot be used as a means to reargue matters already argued or to put forth arguments which were not made but could have been made. *See Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 (M.D. Pa. 1994); N.C.G.S. § 59(e) (motion to alter or amend must be based on grounds listed in Rule 59(a)). In this case the defendants attempt to reargue matters already decided by the trial court and the motion thus cannot be treated as a Rule 59(e) motion.

Because the motion is not a Rule 59 motion, the time to file an appeal from the 7 November 1995 order was not tolled. Therefore, defendants' 27 December 1995 notice of appeal from the order was not timely and must be dismissed. *Saieed v. Bradshaw*, 110 N.C. App. 855, 859, 431 S.E.2d 233, 235 (1993).

[2] Defendants have timely appealed from the denial of their motion. Having determined, however, that the motion is merely a request that the trial court reconsider its earlier decision and having determined that it does not qualify as a Rule 59(e) motion, and because there are no other provisions for motions for reconsideration, the motion was properly denied. We note that the motion also asserts that it is based on Rule 60(b)(3). The defendants make no argument in their brief in support of this contention. In any event, there are no allegations in the motion of any "[f]raud . . . , misrepresentation, or other misconduct of an adverse party." N.C.G.S. § 1A-1, Rule 60(b)(3) (1990). As noted earlier the motion is nothing more than an attempt by the defendants to correct what they see as an erroneous order and this cannot be done under Rule 60(b). *Coleman v. Coleman*, 74 N.C. App. 494, 498, 328 S.E.2d 871, 873 (1985) (Rule 60(b) cannot be used as a substitute for appellate review). Thus to the extent the motion is considered a Rule 60(b) motion, it was properly denied by the trial court.

Appeal from order dismissed and appeal from motion affirmed.

Judges EAGLES and MARTIN, John C., concur.