SHIRLEE ICE, Plaintiff v. EDWARD L. ICE, Defendant

_____

EDWARD L. ICE, Plaintiff v. SHIRLEE ICE, Defendant

No. COA99-424

(Filed 7 March 2000)

## 1. Civil Procedure— Rule 59(e)—post-trial error of law—not a proper ground

Defendant-husband's appeal in an equitable distribution case from the trial court's order denying his Rule 59(e) motion for relief is dismissed because: (1) a Rule 59(e) motion must be based on one of the grounds listed in Rule 59(a); (2) defendant bases his motion on a purported post-trial error of law; and (3) post-trial errors of law are not among those grounds listed in Rule 59(a).

## 2. Civil Procedure— Rule 60(a)—error of law—determined by appellate courts

Defendant-husband's appeal in an equitable distribution case from the trial court's order denying his Rule 60(a) motion for relief based on a purported error of law is dismissed because Rule 60(a) only governs the granting of relief based upon clerical mistakes, fraud, and newly discovered evidence, and errors of law are determined by the appellate courts.

**3. Interest— accrual date—amended judgment**

Although defendant did not specifically appeal from the underlying amended equitable distribution judgment for his challenge of the trial court's ability to change the date at which interest on his equitable distribution award accrued, the Court of Appeals granted certiorari and determined that the trial court did not err because interest runs from the date of an amended judgment when a judgment is reversed or vacated on appeal.

**4. Civil Procedure— Rule 60(a)—changing accrual date of interest—incidental matter**

Rule 60(a) was a proper mechanism for the trial court to change the interest accrual date of the equitable distribution award since interest is an incidental matter which does not alter the effect of the original order dealing with the substantive matter of the distributive award.

Appeal by defendant Edward L. Ice from order filed 8 December 1998 by Judge Mark E. Powell in Transylvania County District Court. Heard in the Court of Appeals 11 January 2000.

*Jackson & Jackson, by Phillip T. Jackson, for defendant-appellant.*

*Ingrid Friesen for plaintiff-appellee.*

LEWIS, Judge.

This is the second appeal between these parties stemming from an equitable distribution order. The narrow issue presented in this appeal involves the date at which interest on the distributive award accrued. Although narrow in nature, this issue is complicated by the myriad motions and orders filed in this case. Consequently, a brief outline of the procedural history is necessary in order to understand the parties' specific arguments on appeal.

Plaintiff Shirlee Ice and defendant Edward L. Ice were married on 22 July 1980 and divorced on 15 December 1994. The trial court filed an equitable distribution order on 26 November 1996. That order, among other things, required plaintiff to pay defendant a distributive award of $50,000. Defendant then appealed to this Court, arguing that some of the parties' property had been classified incorrectly. In an unpublished opinion filed 7 April 1998, we agreed that some of the

property had been improperly classified and remanded the case to the trial court for a new classification and distribution.

On 30 June 1998, the trial court filed its amended equitable distribution order ("amended order"). In light of the reclassification, this amended order increased defendant's distributive award to $80,544.93. Neither party disputes the amount of this amended award. Plaintiff, however, filed a Rule 60(a) motion in an attempt to correct some perceived clerical errors in the amended order. Specifically, plaintiff sought two corrections: (1) that the phrase "this order" be replaced with the more precise phrase "this corrected judgment"; and (2) that interest on defendant's distributive award not accrue until 30 June 1998, the date of the amended equitable distribution order, as opposed to 26 November 1996, the date of the original equitable distribution order. In response to her motion, the trial court filed an order on 5 October 1998 ("the corrected order") correcting its earlier amended order. This corrected order decreed:

> It is therefore ordered that the judgment, as corrected and amended, is additionally corrected so that the phrase "this order" is stricken wherever it appears in decretal paragraph #2 and is replaced with "this corrected judgment," so that the year's time for the Plaintiff to pay the distributive award will run from June 30, 1998.

Unclear as to what this decree meant in terms of the date interest accrued, defendant thereafter filed a motion for clarification with the trial court. Contemporaneously, he also filed his own Rule 59(e) and Rule 60(a) motions for relief, claiming that, if the corrected order was intended to change the date of accrual to 30 June 1998, such a change could not be effectuated through plaintiff's Rule 60(a) motion, but could only be accomplished through appellate review. In an order filed 8 December 1998, the trial court first clarified that its 5 October 1998 corrected order was intended to change the date of accrual to 30 June 1998. The trial court then concluded that an error with respect to the date of accrual was the type of error that could be corrected through plaintiff's Rule 60(a) motion. Accordingly, it denied defendant's own Rule 59(e) and Rule 60(a) motions for relief. From this order, defendant now appeals.

[1] At the outset, we must determine whether this appeal is properly before us. Defendant has only appealed from the 8 December 1998 order denying his Rule 59(e) and Rule 60(a) motions for relief. However, these motions were not properly before the trial court. A

ICE v. ICE

[136 N.C. App. 787 (2000)]

Rule 59(e) motion for relief from a judgment must be based on one of the grounds listed in Rule 59(a). *Smith v. Johnson*, 125 N.C. App. 603, 606, 481 S.E.2d 415, 417, *disc. review denied*, 346 N.C. 283, 487 S.E.2d 554 (1997). Defendant bases his motion on a purported post-trial "error of law," namely the trial court's changing of the date interest accrued. Post-trial errors of law are not among those grounds listed in Rule 59(a). Accordingly, defendant's Rule 59(e) motion was improper. As such, his appeal from the denial of that motion must be dismissed. *See Dusenberry v. Dusenberry*, 87 N.C. App. 490, 492, 361 S.E.2d 605, 606 (1987).

[2] Defendant's Rule 60(a) motion for relief from judgment was also improper. Rule 60(a) only governs the granting of relief based upon clerical mistakes, fraud, newly discovered evidence, and the like. Purported errors of law are not the appropriate basis for a Rule 60(a) motion—such errors are for our appellate courts. *See Chicopee, Inc. v. Sims Metal Works*, 98 N.C. App. 423, 431, 391 S.E.2d 211, 216, *disc. review denied*, 327 N.C. 426, 395 S.E.2d 675 (1990) ("Erroneous judgments may be corrected only by appeal, and a motion under [Rule 60(a)] cannot be used as a substitute for appellate review."). Because defendant's Rule 60(a) motion was improper to begin with, his appeal from a denial of that motion must necessarily be dismissed.

[3] Although his notice of appeal only references the 8 December 1998 order denying his motions for relief, defendant is really contesting the propriety of the underlying 5 October 1998 corrected order. Specifically, he is challenging the trial court's ability to change the date at which interest on his distributive award accrued. However, "[n]otice of appeal from denial of a motion to set aside a judgment which does not also specifically appeal the underlying judgment does not properly present the underlying judgment for our review." *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990). The defendant has not properly preserved for review the 5 October 1998 corrected judgment, and his appeal challenging that corrected judgment is dismissed.

Nonetheless, in our discretion, and due to the procedural complexities of this case, we choose to grant defendant's petition for certiorari and reach the merits of his appeal. Essentially, defendant's appeal boils down to two inquiries: (1) was it proper for the trial court to change the date of accrual from 26 November 1996 to 30 June 1998; and (2) if so, could the trial court make this change pursuant to plaintiff's Rule 60(a) motion? We answer both questions in the affirmative.

In equitable distribution actions, interest on any distributive award accrues from the date of entry of judgment, not from the date of separation. *Appelbe v. Appelbe*, 76 N.C. App. 391, 394, 333 S.E.2d 312, 313 (1985). Here, we have two equitable distribution judgments, the 26 November 1996 original judgment and the 30 June 1998 judgment modifying the original one following defendant's first appeal. Our task is thus to analyze which judgment sets the date of accrual.

Where a judgment is undisturbed on appeal, interest runs from the date of the original judgment. *See Anderson v. City of Bessemer City*, 619 F. Supp. 153, 154 (W.D.N.C. 1985); *see also Teich & Co., Inc. v. LeCompte*, 222 N.C. 602, 603, 24 S.E.2d 253, 253 (1943) (stating that the reversal of defendant's recovery on its counterclaim did not disturb plaintiff's recovery on its own claim and thus interest on plaintiff's recovery ran from the original judgment). Logic dictates the opposite result where a judgment is reversed or vacated on appeal. In that situation, interest runs from the date of the amended judgment. *See, e.g., Ashland Oil, Inc. v. Phillips Petroleum Co.*, 607 F.2d 335, 336 (10th Cir. 1979); *Hysell v. Iowa Pub. Serv. Co.*, 559 F.2d 468, 476 (8th Cir. 1977); *Riha v. Int'l Tel. & Tel. Corp.*, 533 F.2d 1053, 1054 (8th Cir. 1976).

Here, defendant appealed the initial equitable distribution judgment and won, resulting in the 30 June 1998 amended judgment. Accordingly, interest on his distributive award did not accrue until the date of that amended judgment. The trial court thus properly changed the date of accrual to 30 June 1998.

**[4]** Having concluded that the trial court was correct in changing the date of accrual, we now must determine whether this change could be made by the trial court through plaintiff's Rule 60(a) motion or whether such a change could only be effectuated through appellate review.

Rule 60(a) provides a limited mechanism for trial courts to amend erroneous judgments. Specifically, that rule provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the judge at any time on his own initiative or on the motion of any party and after such notice, if any, as the judge orders.

N.C.R. Civ. P. 60(a). In construing this rule, our courts have drawn a distinction between changes that remedy clerical errors or omissions

and changes that affect the substantive rights of the parties. The former is permissible under Rule 60(a), whereas the latter is not. *Vandooren v. Vandooren*, 27 N.C. App. 279, 281, 218 S.E.2d 715, 717 (1975). "A change in an order is considered substantive and outside the boundaries of Rule 60(a) when it alters the effect of the original order." *Buncombe County ex rel. Andres v. Newburn*, 111 N.C. App. 822, 825, 433 S.E.2d 782, 784, *disc. review denied*, 335 N.C. 236, 439 S.E.2d 143 (1993). We conclude that the 5 October 1998 corrected order that changed the date of accrual did not alter the effect of the earlier 30 June 1998 order.

We find this Court's prior decision in *Ward v. Taylor*, 68 N.C. App. 74, 314 S.E.2d 814, *disc. review denied*, 311 N.C. 769, 321 S.E.2d 157 (1984), to be most closely analogous to the present situation. In that case, the trial court, purportedly pursuant to Rule 60(a), amended a previous order by allowing the surveyor to recover his costs associated with the surveying work he had done for trial. *Id.* at 76-77, 314 S.E.2d at 818. In holding that this was a proper exercise of Rule 60(a), we stated, "[T]he court's [initial] failure to allow and tax costs may be considered an 'oversight or omission' in an order." *Id.* at 80, 314 S.E.2d at 819-20. Furthermore, because costs arise only incidentally to the subject of the litigation itself, we held that they do not affect the substantive rights of the parties. *Id.* at 80, 314 S.E.2d at 820.

We conclude that interest on a distributive award is much like costs associated with surveying. The subject of the litigation here was the amount of the distributive award; interest was only incidental and tangential to this matter. Furthermore, changing the date at which interest accrued did not alter the underlying distributive award itself. Defendant nonetheless maintains that his substantive rights were altered by the trial court's change because he lost approximately $10,000 in interest. However, the amount of money involved is not what creates a substantive right; rather, it is the source from which this money is derived. Here, the $10,000 at stake stemmed from the incidental matter of interest, not the underlying substantive matter of the distributive award. Accordingly, we hold that a change in the date at which interest begins to accrue is something that the trial court could effectuate through Rule 60(a).

Affirmed.

Judges GREENE and EDMUNDS concur.