MARTIN, Chief Judge.
 

 On 25 April 2005, petitioners North Carolina Alliance for Transportation Reform ("NCATR") and Herb Zerof filed a petition for writ of certiorari seeking judicial review of the Environmental Assessment ("EA") and Finding of No Significant Impact ("FONSI") prepared by respondent, the North Carolina Department of Transportation ("NCDOT"), for Transportation Improvement Program Project R-2502. Project R-2502 involved the widening of highway US-1 in Richmond County, north of Rockingham, from two lanes to four lanes. Petitioners alleged that respondent improperly divided the project into two segments, R-2501 for the southern portion of the project and R-2502 for the northern portion of the project. Although petitioners did not live in the proposed corridor for project R-2502, they alleged they were aggrieved by the EA and FONSI for R-2502
 
 *107
 
 due to respondent's failure to consider the indirect and cumulative impacts of R-2501 and R-2502 in one statement. Petitioners alleged that respondent acted in violation of the North Carolina Environmental Protection Act, N.C.G.S. § 113A-1
 
 et seq.
 

 NCDOT moved to dismiss the petition based,
 
 inter alia,
 
 on North Carolina Civil Procedure Rule 12(b)(1), (2), and (6); the North Carolina Administrative Procedure Act, N.C.G.S. § 150B-43; and lack of standing. On 27 September 2005, the trial court concluded that petitioners were not aggrieved persons under N.C.G.S. § 150B-43, and that petitioners had failed to exhaust all administrative remedies before seeking judicial review, as required by N.C.G.S. § 150B-43. Therefore, the trial court concluded that it lacked subject matter jurisdiction.
 

 Petitioners then filed a "Motion to Alter or Amend Order" ostensibly pursuant to N.C.G.S. § 1A-1, Rule 59(e). On 3 November 2005, petitioners served four additional exhibits to the motion. NCDOT moved to strike the additional exhibits. On 8 December 2005, the trial court denied petitioners' "Motion to Alter or Amend Order," concluding that petitioners' motion was not a proper Rule 59(e) motion because it did not specify the grounds for the motion from the possible grounds listed in Rule 59(a), as required by N.C.G.S. § 1A-1, Rule 7(b)(1), and was merely an attempt to reargue matters which already had been argued. The trial court also allowed, in a separate order, NCDOT's motion to strike the additional exhibits, concluding they were irrelevant. Petitioners appealed from both 8 December 2005 orders and the 27 September 2005 order dismissing their petition.
 

 Petitioners argue five issues in their brief. Three of these issues relate to the 27 September order dismissing the petition; the remaining issues are directed to the 8 December orders denying their Motion to Alter or Amend and allowing NCDOT's motion to strike exhibits. The question of whether the trial court correctly ruled that the Motion to Alter or Amend was not a proper Rule 59(e) motion is a threshold issue, and we address it first.
 

 Petitioners challenge the trial court's findings and conclusions with regard to two deficiencies of the Motion to Alter or Amend. First, petitioners assign error to the trial court's findings and conclusions that "Petitioners' Motion cites N.C.R. Civ. P. 59(e) . . . but fails to specify, or provide any allegations tending to show, which ground in Rule 59(a) is relied upon"; "[t]o qualify as a Rule 59 motion . . . the motion must `state the grounds therefor' and the grounds stated must be among those listed in Rule 59(a)" (quoting
 
 Smith v. Johnson,
 

 125 N.C.App. 603
 
 , 606,
 
 481 S.E.2d 415
 
 , 417,
 
 disc. review denied,
 

 346 N.C. 283
 
 ,
 
 487 S.E.2d 554
 
 (1997) (quoting N.C. Gen.Stat. § 1A-1, Rule 7(b)(1))); and "Petitioners' Motion violates Rule 7(b)(1) and is not a proper Rule 59(e) motion." Second, petitioners assign error to the trial court's findings and conclusions that "Petitioners are attempting to reargue matters already argued, or which could have been argued, at the August 18, 2005 hearing on Respondent's Motion to Dismiss"; "Petitioners' Motion `is merely a request that the trial court reconsider its earlier decision'"; and "Petitioners `attempt to reargue matters already decided by the trial court and the motion thus cannot be treated as a Rule 59(e) motion.'"
 

 Our review of a Rule 59 motion is guided by the general principle that "[t]he determination of whether to grant or deny a motion pursuant to either Rule 59(a) or Rule 59(e) is addressed to the sound discretion of the trial court."
 
 Young v. Lica,
 

 156 N.C.App. 301
 
 , 304,
 
 576 S.E.2d 421
 
 , 423 (2003) (citing
 
 Hamlin v. Austin,
 

 49 N.C.App. 196
 
 , 197,
 
 270 S.E.2d 558
 
 , 558 (1980)). "However, where the [Rule 59] motion involves a question of law or legal inference, our standard of review is
 
 de novo.
 
 "
 
 Kinsey v. Spann,
 

 139 N.C.App. 370
 
 , 372,
 
 533 S.E.2d 487
 
 , 490 (2000) (citing
 
 In re Will of Herring,
 

 19 N.C.App. 357
 
 , 359,
 
 198 S.E.2d 737
 
 , 739 (1973)). The error assigned by petitioners involves a question of law as to the sufficiency of the motion; therefore, our review of the trial court's denial of the motion is
 
 de novo.
 

 *108
 
 Rule 59(e) governs motions to alter or amend a judgment, and such motions are limited to the grounds listed in Rule 59(a). N.C. Gen.Stat. § 1A-1, Rule 59(e) (2005). Rule 59(a) lists nine grounds or causes upon which a new trial may be granted. N.C. Gen.Stat. § 1A-1, Rule 59(a) (2005). Petitioners, in their brief, argue that the grounds alleged in their motion fall within Rule 59(a)(2) (misconduct of the prevailing party), 59(a)(7) (insufficiency of the evidence to justify the verdict or the verdict is contrary to law), and 59(a)(8) (error in law occurring at trial and objected to by party making the Rule 59 motion).
 

 Id.
 

 However, in their Motion to Alter or Amend, petitioners did not make reference to any of these grounds of Rule 59(a), nor did they use any of the language from the rule which would tend to give notice of their reliance on any of the foregoing grounds. Most crucially, however, the grounds listed by petitioners do not "reveal[ ] the basis of the motion" in terms of the 59(a) grounds.
 
 Smith,
 

 125 N.C.App. at 606
 
 ,
 
 481 S.E.2d at 417
 
 (quoting N.C. Gen.Stat. § 1A-1, Rule 7(b)(1) (1990)). In fact, it would have been equally as possible for petitioners to argue that the grounds for the motion arose from Rule 59(a)(4) (newly discovered evidence material for the party making the motion which could not, with reasonable diligence, have been discovered and produced at the trial) as it was for them to argue 59(a)(2), (7), and (8).
 

 The trial court correctly concluded that "[t]o qualify as a Rule 59 motion . . . the motion must `state the grounds therefor' and the grounds stated must be among those listed in Rule 59(a)." (quoting
 
 Smith,
 

 125 N.C.App. at 606
 
 ,
 
 481 S.E.2d at 417
 
 ). We note that "[w]hile failure to give the number of the rule under which a motion is made is not necessarily fatal, the grounds for the motion and the relief sought must be consistent with the Rules of Civil Procedure."
 
 Gallbronner v. Mason,
 

 101 N.C.App. 362
 
 , 366,
 
 399 S.E.2d 139
 
 , 141,
 
 disc. review denied,
 

 329 N.C. 268
 
 ,
 
 407 S.E.2d 835
 
 (1991). In
 
 Smith,
 
 this Court specifically held that "[t]he motion, to satisfy the requirements of Rule 7(b)(1), must supply information revealing the basis of the motion."
 
 125 N.C.App. at 606
 
 ,
 
 481 S.E.2d at 417
 
 ;
 
 see also
 
 N.C. Gen. Stat. § 1A-1, Rule 7(b)(1) (2005) (requiring a motion to "state with particularity the grounds therefor"). In the present case, the basis of the motion was not apparent from the grounds listed, leaving the trial court and the opposing party to guess what the particular grounds might be. Although such deficiency would alone be adequate basis for dismissal of the motion, the trial court also found that petitioners simply sought to reargue matters from the earlier hearing, additionally supporting the court's conclusions that the Motion to Alter or Amend was not a proper Rule 59(e) motion.
 
 See Smith,
 

 125 N.C.App. at 606
 
 ,
 
 481 S.E.2d at 417
 
 (holding a Rule 59(e) motion "cannot be used as a means to reargue matters already argued or to put forth arguments which were not made but could have been made" and a motion that does so "cannot be treated as a Rule 59(e) motion"). Accordingly, the trial court properly held that the Motion to Alter or Amend violated Rule 7(b)(1) and was not a proper Rule 59(e) motion.
 

 Because the trial court properly dismissed petitioners' Motion to Alter or Amend, petitioners' assignments of error directed to the court's striking exhibits 16-19 to the motion are rendered moot, and we need not address them.
 

 All of petitioners' remaining arguments pertain to the 27 September 2005 order dismissing their petition for review. Petitioners filed their notice of appeal on 6 January 2006. N.C.R.App. P. 3(c)(1) (2005) requires that notice of appeal from a civil judgment or order be filed and served within thirty days after the entry of judgment. Although a timely motion made pursuant to Rule 59 will toll the time for taking an appeal, N.C.R.App. P. 3(c)(3) (2005), when a party makes a motion pursuant to Rule 59 that is not a proper Rule 59 motion, the time for filing an appeal is not tolled.
 
 Smith,
 

 125 N.C.App. at 607
 
 ,
 
 481 S.E.2d at 417
 
 . In the present case, since the time for filing an appeal was not tolled by the improper Rule 59 motion, petitioners' notice of appeal on 6 January 2006 was not a timely appeal of the 27 September 2005 order and petitioners'
 

 *109
 
 remaining appeal from that order is dismissed.
 

 Affirmed in part, dismissed in part.
 

 Judges WYNN and GEER concur.