In re Se. Eye Ctr. (Judgments), 2018 NCBC 8.

STATE OF NORTH CAROLINA

GUILFORD COUNTY

IN RE SOUTHEASTERN EYE
CENTER- JUDGMENTS

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 11322

**ORDER AND OPINION ON
JAMES MARK MCDANIEL'S
MOTION TO RECONSIDER**

1.     **THIS MATTER** is before the Court on James Mark McDaniel, Jr.'s ("McDaniel") Rule 59 Motion to Reconsider Order Granting the Receiver's Request to Abandon Judgment (the "Motion" or "McDaniel's Motion") in the above-captioned case.  McDaniel is proceeding in this matter *pro se*.

2.     Having considered the Motion and the parties' briefs, the Court elects, in its discretion, to decide the Motion without a hearing pursuant to Business Court Rule ("BCR") 7.4 and **DENIES** the Motion as set forth below.

*Oak City Law LLP, by Robert E. Fields, III, for Receiver Gerald A. Jeutter, Jr.*

*James Mark McDaniel, Jr., pro se.*

Bledsoe, Judge.

I.

FACTUAL AND PROCEDURAL BACKGROUND

3.     In January 2005, EBW, Inc. and EBW Laser, Inc. (the "Debtors") sought relief under Chapter 11 of the United States Bankruptcy Code before the Honorable William L. Stocks of the United States Bankruptcy Court for the Middle District of North Carolina (the "Bankruptcy Court") (collectively, the "Bankruptcy Proceeding").

*In re EBW Laser, Inc.*, Nos. 05-10220C-7G, 05-10221C-7G, 2012 Bankr. LEXIS 3767, at *4 (Bankr. M.D.N.C. Aug. 14, 2012) (describing the Bankruptcy Proceeding).

4.      On October 16, 2009, the trustee appointed by the Bankruptcy Court to administer the Debtors' estates (the "Trustee") moved for relief in the Bankruptcy Proceeding against Douglas S. Harris ("Harris"), C. Richard Epes ("Dr. Epes"), and McDaniel based on their violation of the Barton Doctrine (the "Motion Seeking Damages").[1]  The Trustee sought an award of damages, including attorneys' fees and expenses the Trustee incurred in defending against the unauthorized suit and advancing the Motion Seeking Damages.  *Id.* at *3, 23.

5.      On October 14, 2012, the Bankruptcy Court "ordered, adjudged and decreed that Charles M. Ivey, III, as Chapter 7 Trustee for EBW Laser, Inc. and EBW, Inc., have and recover from James Mark McDaniel, C. Richard Epes and Douglas S. Harris, jointly and severally, the sum of $320,980.23," (Mot. Release J. Ex. A, ECF No. 370), for the attorneys' fees and expenses the Trustee incurred as a result of McDaniel, Dr. Epes, and Harris's violation of the Barton Doctrine (the "Barton Judgment" or "Judgment").  *In re EBW Laser, Inc.*, 2012 Bankr. LEXIS 3767, at *71.

6.      Through a series of events the Court need not delve into here, the court-appointed receiver in this case, Gerald A. Jeutter, Jr. (the "Receiver"), came to hold the Barton Judgment.  On May 4, 2017, the Court entered an Order and Opinion (the

---

[1] The Trustee sought an adjudication that McDaniel, Harris, and Dr. Epes had violated the Barton Doctrine because the three instituted a lawsuit against the attorneys representing the Trustee in an adversary proceeding brought by the Trustee against, among others, McDaniel and Dr. Epes.  *In re EBW Laser, Inc.*, 2012 Bankr. LEXIS 3767, at *2.

"May 4 Opinion") (ECF No. 432), resolving various motions and, among other things, ordering and directing the Guilford County Clerk of Superior Court to

> (i) Mark on the judgment docket for *Charles M. Ivey, III, as Chapter 7 Trustee for EBW Laser, Inc. and EBW, Inc. v. James Mark McDaniel, C. Richard Epes and Douglas Harris* (Guilford County Superior Court, No. 12-CVS-11322) that the Barton Judgment is paid and satisfied in full and (ii) forward a certificate of payment in full to the clerk of superior court in each county to which a transcript of the Judgment has been sent.

*In re Se. Eye Center-Judgments*, 2017 NCBC LEXIS 42, at *25 (N.C. Super. Ct. May 4, 2017). The Court further ordered "the Receiver to cease and desist all collection activities to recover on the Barton Judgment." *Id.*

7. On August 22, 2017, the Court entered an Order and Opinion in this case (the "August 22 Opinion") (ECF No. 467), ruling on the Receiver's Motion for Additional Findings and Modification and Amendment of Interlocutory Order (EBW Judgment) (the "Receiver's Motion").

8. The Court incorporates herein the procedural and factual background set forth in Section I of the August 22 Opinion, as well as the procedural and factual background set forth in Section I of the May 4 Opinion, and includes here only the procedural and factual background necessary to resolve McDaniel's Motion.

9. In the August 22 Opinion, the Court deemed the Receiver's Motion to include a request to abandon the Barton Judgment to Ms. Bessie Epes ("Ms. Epes"). *In re Se. Eye Center-Judgments*, 2017 NCBC LEXIS 77, at *15 (N.C. Super. Ct. Aug. 22, 2017). The Court also entered an August 22, 2017 Scheduling Order, requiring "that any objections to the proposed Abandonment of the Barton Judgment to Bessie

Epes . . . be filed no later than September 1, 2017." (Scheduling Order Receiver's Proposed Abandonment Barton J. Bessie Epes (All Matters) 1, ECF No. 468.)

10. On September 1, 2017, Harris filed an objection to the Receiver's proposed abandonment of the Barton Judgment. The Receiver filed a response on September 11, 2017. On September 15, 2017, the Court entered an Order granting the Receiver's request to abandon the Barton Judgment (the "September 15 Order"). In that Order, the Court noted that Harris was the only party to file an objection to the Receiver's proposed abandonment of the Barton Judgment. (Order Granting Receiver's Request Abandon Barton J. Bessie Epes 1, ECF No. 475.)

11. In addition to Harris's objection, however, another document was filed with the Court prior to the September 1 deadline for objections. On August 29, 2017, McDaniel filed a document titled "James Mark McDaniel's Response to Judge Bledsoe's Ruling Regarding Rejection of Receiver" ("McDaniel's Response" or the "Response"). McDaniel's Response did not indicate what order, opinion, or other document it was responding to, either by document title, date, or electronic filing number, and nowhere referenced the Barton Judgment. Instead, the Response stated that it was meant to respond to "a single part of the Court's Ruling regarding the Receiver's indistinguishable and inane legal request to write some sort of Report regarding the Receiver's extra-legal attempt to abscond monies from federally insured bank accounts using a long expired joint and several judgment." (James Mark McDaniel's Resp. Judge Bledsoe's Ruling Regarding Rejection Receiver 1 [hereinafter "McDaniel's Resp."], ECF No. 469.)

12.     It appeared clear on the face of the Response that the "judgment" McDaniel referred to was not the Barton Judgment but a matter from a related case in these consolidated actions, *Old BattleGround Properties, Inc. v. Central Carolina Surgical Eye Associates, P.A.* (15CVS1648, Wake County).[2]  Specifically, McDaniel expressed concern about the Receiver's current possession of a confession of judgment executed by several entities and individuals in favor of Yadkin Bank as successor to NewBridge Bank (the "NewBridge Confession of Judgment").[3]  McDaniel indicated that he believed the Court had granted the Receiver the right to "pass [on to] others such things as the legally fatally flawed Confession of Judgment in favor of NewBridge Bank." (McDaniel's Resp. 1.)  McDaniel argued that the Court's ruling would result in the Receiver, the Receiver's attorney, and another attorney, Byron Saintsing ("Saintsing"), filing the NewBridge Confession of Judgment—which McDaniel contended was "canceled and defective"—in Guilford County.  (McDaniel's Resp. 2.)

13.     According to McDaniel, such a filing would cause bank accounts owned by certain other parties "to be robbed of [their] funds[.]"  (McDaniel's Resp. 2.)  McDaniel informed the Court that this would be done to "force a settlement" ahead of upcoming hearings before the Supreme Court of North Carolina on appeals concerning certain

---

[2] *Old BattleGround Properties, Inc.* and a number of other cases were consolidated into the master case file *In re Southeastern Eye Center-Pending Matters* (15CVS1648, Wake County) by this Court on June 19, 2015.  (Order Mot. Consolidate (All Matters) 8, ECF No. 8.)

[3] The NewBridge Confession of Judgment is described by this Court's Order on Yadkin Bank's Motion to Transfer Possession of Confession of Judgment (*Old Battleground v. CCSEA - Consolidated*) entered August 17, 2016 in *In re Southeastern Eye Center-Pending Matters* (15CVS1648, Wake County) at ECF No. 663.  The Court adopts and incorporates by reference that description for the purposes of this Order and Opinion.

other orders entered in *In re Southeastern Eye Center-Pending Matters* (15CVS1648, Wake County). (McDaniel's Resp. 2.) McDaniel contended that the Receiver, the Receiver's attorney, and Saintsing would follow through on McDaniel's predictions because they did not want their activities "to be argued and exposed in front of" the Supreme Court of North Carolina. (McDaniel's Resp. 2.)

14. The remainder of McDaniel's Response focused on "illegal activities which [McDaniel believed] were undeniably perpetrated by the Receiver, the Receiver's Attorney and a legally indefensible business alliance with . . . Saintsing." (McDaniel's Resp. 1.) McDaniel accused the Receiver, the Receiver's attorney, and Saintsing of, among other things, filing fraudulent UCC-1 financing statements, lying to the Internal Revenue Service, and lying to the Guilford County Sheriff's Office. (McDaniel's Resp. 1–2.) "Why the lies? Why the crimes?" McDaniel rhetorically asked. (McDaniel's Resp. 2.) "Pressure," was the given answer—pressure to "force a settlement[.]" (McDaniel's Resp. 2.)

15. McDaniel's Response concluded by asking "the Court to amend its otherwise well worded Ruling . . . to prevent the above from being perpetrated." (McDaniel's Resp. 2.) McDaniel did not inform the Court of any specific relief he sought or how he wished the Court to change the August 22 Opinion. He also failed to identify any specific Rule of Civil Procedure for his request.

16. The Court did not reference or otherwise acknowledge McDaniel's Response in its September 15 Order granting the Receiver's request to abandon the Barton

Judgment.[4] On September 25, 2017, McDaniel filed the Motion with the Court. The Motion states that it is made pursuant to Rule 59 of the North Carolina Rules of Civil Procedure. The Receiver filed a response to McDaniel's Motion on October 16, 2017. The Motion is now ripe for resolution.

II.

ANALYSIS

17. The Court considers both McDaniel's Motion and McDaniel's Response, noting first that the fact that a party may be litigating a case *pro se* does not change the application of the Rules of Civil Procedure. *Brown v. Kindred Nursing Ctrs. E., L.L.C.*, 364 N.C. 76, 84, 692 S.E.2d 87, 92 (2010) ("[T]he rules [of civil procedure] must be applied equally to all parties to a lawsuit, without regard to whether they are represented by counsel." (quoting *Goins v. Puleo*, 350 N.C. 277, 281, 512 S.E.2d 748, 751 (1999))).

A.   McDaniel's Rule 59 Motion

18. A motion made under Rule 59(a) or (e) "is 'addressed to the sound discretion of the trial judge, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal.'" *Hamlin v. Austin*, 49 N.C. App. 196, 197, 270 S.E.2d 558, 558 (1980) (quoting *In re Brown*, 23 N.C. App. 109, 110, 208 S.E.2d 282, 283 (1974)). Under Rule 59(e), "[a] motion to alter or amend the judgment under section (a) of this rule shall be served not later than 10 days after entry of the judgment." N.C. R. Civ. P. 59(e).

---

[4] The Court granted the Receiver's request to abandon the Barton Judgment after concluding that the abandonment would not "impair any existing rights Harris may have to defend against a subsequent transferee's attempt to enforce the Barton Judgment." (Order Granting Receiver's Request Abandon Barton J. Bessie Epes 1–2.)

"A Rule 59(e) motion for relief from a judgment must be based on one of the grounds listed in Rule 59(a)." *Ice v. Ice*, 136 N.C. App. 787, 789–90, 525 S.E.2d 843, 845 (2000); *see also N.C. All. for Transp. Reform, Inc. v. N.C. Dep't of Transp.*, 183 N.C. App. 466, 469, 645 S.E.2d 105, 108 (2007). The listed grounds for alteration or amendment of a judgment in Rule 59(a) are as follows:

(1) Any irregularity by which any party was prevented from having a fair trial;
(2) Misconduct of the jury or prevailing party;
(3) Accident or surprise which ordinary prudence could not have guarded against;
(4) Newly discovered evidence material for the party making the motion which he could not, with reasonable diligence, have discovered and produced at the trial;
(5) Manifest disregard by the jury of the instructions of the court;
(6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice;
(7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law;
(8) Error in law occurring at the trial and objected to by the party making the motion, or
(9) Any other reason heretofore recognized as grounds for new trial.

N.C. R. Civ. P. 59(a).

19. McDaniel's Motion states specifically that it is made under subsections (a)(1) and (a)(2) of Rule 59. McDaniel contends that he should be granted relief because "an irregularity occurred" during the Court's consideration of the Receiver's request to abandon the Barton Judgment. (James Mark McDaniel's R. 59 Mot. Reconsider Order Granting Receiver's Request Abandon J. 1 [hereinafter "McDaniel's Motion"], ECF No. 476.) He also argues that this irregularity was caused by the Receiver's misconduct.

20.    Both of McDaniel's arguments can be distilled to this—McDaniel believes the Receiver lied to the Court in the Receiver's September 11, 2017 response concerning whether the Receiver should be allowed to abandon the Barton Judgment. McDaniel believes this is the case because the Receiver reported in his response that Harris was the only party to file an objection to the proposed abandonment. McDaniel asserts that this was a false representation because his Response was also an objection. He also asserts that his Response was "[o]bviously . . . not considered at all by the Court[.]" (McDaniel's Motion 1.) McDaniel believes the Receiver's conduct prevented the Court from considering his arguments.

21.    The Receiver argues that McDaniel's Motion should be denied because McDaniel did not file an objection to the proposed abandonment of the Barton Judgment but instead sought relief concerning the Newbridge Confession of Judgment and made broad allegations of misconduct against the Receiver, the Receiver's attorney, and Saintsing. As a result, the Receiver contends his representation was true and no irregularity resulted from the Court declining to address McDaniel's Response in the September 15 Order. The Court agrees with the Receiver. Because McDaniel's Response did not mention or discuss the Barton Judgment or any adverse consequence should the Receiver abandon the Judgment, the Court concludes that the Receiver's representation to the Court in his September 11, 2017 brief was accurate, and no relief is proper to McDaniel under Rule 59 for any

alleged "irregularity" leading up to the Court's September 15, 2017 Order.[5] McDaniel's Motion is therefore denied.

B.    McDaniel's Response

22.    McDaniel also appears to request relief in his August 29, 2017 Response.

23.    Rule 6 of the General Rules of Practice for the Superior and District Courts ("General Rule 6") states "[a]ll motions, written or oral, shall state the rule number or numbers under which the movant is proceeding."  A motion should not be denied merely because it fails to comply with General Rule 6, but all motions must at least meet the requirements of the North Carolina Rules of Civil Procedure.  *Currituck Assocs. Residential P'ship v. Hollowell*, 166 N.C. App. 17, 22, 601 S.E.2d 256, 260 (2004).  These requirements are set out in Rule 7(b)(1): "[a]n application to the court for an order shall be by motion which . . . shall state with particularity the grounds therefor, and shall set forth the relief or order sought."  N.C. R. Civ. P. 7(b)(1).

24.    In accordance with the above-mentioned rules, a trial judge may deny or decline to rule on a motion that does not specify the rule it is made under, does not specify the grounds on which it seeks relief, does not set forth the relief it seeks, and is otherwise indecipherable to the court and the parties.  *See N.C. All. for Transp. Reform, Inc.*, 183 N.C. App. at 469–70, 645 S.E.2d at 108 (affirming denial of Rule

---

[5] The bulk of McDaniel's Motion is devoted to new facts about an ongoing dispute McDaniel appears to have with the Receiver and Ms. Epes about the status of the Barton Judgment at the Guilford County Register of Deeds.  McDaniel complains that neither party will inform the Register of Deeds that the judgment should be marked satisfied.  He concludes by asking the Court to withdraw the September 15 Order and order the Receiver to mark the Barton Judgment satisfied and cancelled at the Guilford County Register of Deeds.  None of these allegations entitle McDaniel to the relief he requests under Rule 59.

59(e) motion when "the basis of the motion was not apparent from the grounds listed, leaving the trial court and the opposing party to guess what the particular grounds might be"); *Dusenberry v. Dusenberry*, 87 N.C. App. 490, 492, 361 S.E.2d 605, 606 (1987) (holding that a trial court's denial of a motion that did not comply with Rule 7(b)(1) was proper, "[f]or where court and adverse party cannot comprehend the basis of a motion, they are rendered powerless to respond to it"); *Sherman v. Myers*, 29 N.C. App. 29, 30–31, 222 S.E.2d 749, 750 (1976) (holding that the trial court was not required to rule on a motion when the motion did not state either the rule it was made under or the specific grounds for relief it sought); *Lehrer v. Edgecombe Mfg. Co.*, 13 N.C. App. 412, 413–14, 185 S.E.2d 727, 729 (1972) ("The trial judge should have declined to rule upon the motions because they did not comply with Rule 6 of the 'General Rules of Practice for the Superior and District Courts' . . . ."); *but see Wood v. Wood*, 297 N.C. 1, 6–7, 252 S.E.2d 799, 802 (1979) (holding that a failure to comply with General Rule 6 was not a fatal defect when the "judge *was fully aware of the basis* for plaintiff's motion" (emphasis added)); *Currituck Assocs. Residential P'ship*, 166 N.C. App. at 22, 601 S.E.2d at 260 (explaining that General Rule 6 will not render a motion defective "if the parties are given adequate notice" of the grounds on which the movant is relying).

25.    McDaniel's Response does not identify the Rule of Civil Procedure under which it is made. It thus fails to comply with General Rule 6. The Response also fails to comply with Rule 7(b)(1) because it does not set forth the particular grounds for the motion or the relief or order it seeks. Instead, it merely asks the Court to "amend

its otherwise well worded Ruling,"—presumably, but not clearly, referring to the August 22 Opinion—"to prevent the above from being perpetrated." (McDaniel Response 2.) "The above" appears to refer to McDaniel's accusations against the Receiver, the Receiver's attorney, and Saintsing—lying to public officials, committing crimes, and engaging in "clandestine meetings"—as well as McDaniel's prediction that the NewBridge Confession of Judgment will be used to encumber certain bank accounts. The Response is replete with such allegations, but it provides no evidence to support them. It also fails to provide how McDaniel wants the Court to amend its previous ruling or what legal relief McDaniel is actually seeking.

26. To the extent McDaniel intended his Response to be a motion under Rule 59 or Rule 60, the Court concludes that McDaniel's motion should be denied. Not only does McDaniel's Response provide no evidence of the conduct alleged therein, the NewBridge Confession of Judgment and the Barton Judgment are two distinct matters arising from separate, though related, cases before the Court. A motion to reconsider a decision about the Barton Judgment is not the proper method of requesting action on the NewBridge Confession of Judgment, and likewise, McDaniel's Response, which discusses facts relating only to the NewBridge Confession of Judgment, does not present the Court with any grounds on which to grant McDaniel relief under Rule 59 or Rule 60 concerning the Court's decision on the Barton Judgment. Accordingly, the Court denies the relief requested in McDaniel's Response to the extent the Response is made under either Rule 59 or Rule 60.

27. To the extent McDaniel seeks relief in his Response on some other basis, McDaniel's failure to comply with General Rule 6 or Rule 7(b)(1) puts the Court in the position of guessing the basis for his requested relief and whether he is actually entitled to legal or equitable relief on some unspecified grounds. *See N.C. All. for Transp. Reform, Inc.*, 183 N.C. App. at 470, 645 S.E.2d at 108. The Court thus declines to rule on any request for relief in McDaniel's Response to the extent the Response is based on grounds other than those outlined in Rule 59 or Rule 60.

IV.

CONCLUSION

28. **WHEREFORE**, for the reasons stated above, the Court, in its discretion, hereby **ORDERS** as follows:

a. McDaniel's Motion is **DENIED**.

b. Any request for relief in McDaniel's Response is **DENIED** to the extent the Response is made under either Rule 59 or Rule 60.

c. The Court **DECLINES to rule** on any request for relief in McDaniel's Response to the extent the Response is based on grounds other than those outlined in Rule 59 or Rule 60.

**SO ORDERED**, this the 24th day of January, 2018.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases